## ALASKA FISH & LUMBER CO. v. CHASE.

(Circuit Court of Appeals, Ninth Circuit. March 1, 1904.)

### No. 983.

1. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—BREACH—DAMAGES.

Where plaintiff brought suit for breach of a contract of employment, but made no claim that there was anything due for services actually rendered, the measure of damages was the actual loss sustained, and not the amount of wages stipulated from the time of the discharge to the time of the trial.

2. SAME—WRONGFUL DISCHARGE—OTHER EMPLOYMENT.

Where a servant was wrongfully discharged before the termination of his contract of employment, it was his duty to use prompt and reasonable diligence to procure other employment of a similar character, and, if he failed to do so, the damages should be mitigated to the extent of the compensation which he might have received by proper effort to seek employment.

In Error to the District Court of the United States for the First Division of the District of Alaska.

W. E. Crews (Lorenzo S. B. Sawyer, of counsel), for plaintiff in error.

Malony & Cobb, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. The parties to this action entered into a written contract on the 14th day of February, 1902, by which the defendant in error (plaintiff below) agreed to work for the plaintiff in error (defendant below) "as a superintendent or foreman, or in such other capacity as both parties hereto consent to, for the term of one year,

¶ 1. See Master and Servant, vol. 34, Cent. Dig. §§ 50, 52.

beginning March 1, 1902, in the territory of Alaska, or elsewhere in the United States, as said party of the first part (the plaintiff in error) shall desire, and to well and faithfully devote his entire time, efforts, and attention during said year to the services of the said party of the first part," in consideration of which the company agreed that, so long as the defendant in error should faithfully perform his duties under the contract, it would pay "his traveling expenses from Seattle, state of Washington, to Alaska, and return, providing the party of the second part remains in the services of the party of the first part for the term of one year, as hereinafter stated, and also pay or furnish, free to the party of the second part, board and lodging, and will further pay the party of the second part the sum of $200 per month, payable monthly, and within 30 days after the end of each month." The case shows that the defendant in error entered the service of the company in Alaska, in pursuance of the contract, and so remained until June 24, 1902, at which time he was discharged, and paid in accordance with the terms of the contract up to that time. On the 3d day of October, 1902, he brought the present action against the company, alleging, after setting out the contract and his entry upon his duties under it, that on the 24th day of June, 1902, the defendant to the action, without cause and in violation of the contract, discharged the plaintiff from its employment, and refused to permit him to render any further services thereunder, his readiness and willingness to perform which he also alleged. The complaint further alleged that the fishing and canning business, which was the subject of the contract—

"Is of such a nature that it is customary and necessary to secure employment therein by the year, or for the whole season of fishing and canning, and plaintiff, although he has endeavored so to do, has not been able, and will not be able, prior to the beginning of the next season of fishing, to wit, about March 1, 1903, to secure any employment, and will during the whole period from June 24, 1902, to March 1, 1903, be left without employment and compelled to support himself at his own expense; that defendant has only paid plaintiff the sum of $766.66 on his wages due and to become due under said contract, and refuses to pay plaintiff's expenses to Seattle, or to pay his board and lodging from and after said 24th day of June, 1902; that by reason of the breach of contract by defendant as aforesaid plaintiff has been damaged in the following sums, to wit:

For loss of wages .......................................... $1,633 33
Expenses for board and lodging ............................. 410 00
Expenses return trip to Seattle ............................ 25 00
                                                           ─────────
Making an aggregate of ..................................... $2,068 33

"Wherefore plaintiff prays judgment against defendant for the sum of two thousand sixty-eight and 33/100 dollars ($2,068.33), together with costs herein incurred."

The answer of the defendant contained, among other things, the following:

"For further, separate, and affirmative defense, defendant alleges that plaintiff failed and neglected to in any wise perform the conditions of the contract of employment on his part, and that the plaintiff is unskilled, negligent, and incompetent, and in all respects failed to perform the duties for which he was employed, and the defendant was compelled to and did employ other persons to perform the duties for which the said plaintiff was employed; that plaintiff in no respect complied with the terms of his contract, and his repre-

sentations as to his knowledge, skill, and ability were false; that by reason of the unskillfulness, want of knowledge, and lack of experience on the part of said plaintiff, defendant was compelled to dispense with his services by mutual agreement between the plaintiff and the defendant on or about the 24th day of June, 1902, at which time plaintiff and defendant had a mutual, full, complete, and absolute settlement of all differences between them. Defendant then and there paid to the plaintiff all sums of money due the plaintiff for his services theretofore rendered, which settlement was in all respects satisfactory to the plaintiff in all particulars; and plaintiff then and there made, executed, and delivered his receipt in writing in full of all demands, which receipt defendant now holds, and which settlement was a complete and absolute one, and satisfactory to all parties at the time. Defendant denies that it at this time is indebted to the plaintiff in the sum of $2088.33, or any other sum whatsoever." ..

On the trial the plaintiff introduced the contract in evidence, and testified on his own behalf to the effect that he was competent for the work undertaken by him, and that he performed his duties thereunder to the best of his ability until his discharge by the defendant on the 23d day of June, 1902, and that up to the time of his discharge no complaint had been made in regard to his services. The plaintiff also testified that after his discharge by the defendant he sought to obtain other employment of the same or similar character, but without success, and in answer to the question by his counsel, "Now, what was the reasonable value, Mr. Chase, of the board and lodging that was to be furnished you under this contract?" said, "Well, of course, at a place like that, t would be over twenty-five or thirty dollars a month—at Shakan." And in answer to the question, "Now, Mr. Chase, state what it would cost to procure such board and lodging here in Alaska as the company furnished you down there—the reasonable cost?" the plaintiff said, "I would say it would cost somewheres about fifty dollars a month." The bill of exceptions then recites:

"After some evidence had been introduced on behalf of the defendant, and the plaintiff having offered some in rebuttal, and the cause having been submitted to the jury, the court then gave the following instructions to the jury: 'Perhaps I should state to you, further, that the rule as to the measure of damages, if the plaintiff is entitled to recover at all under the evidence and these instructions, would be the amount due on the contract from the 1st day of March up to the present time, less the amount that has been paid. That is the true rule as to the measure of damages, although the way I stated it before would amount, perhaps, to the same thing in the end.' To the giving of which instructions, the defendant then and there excepted, and his exception was by the court duly allowed."

The instruction thus given and excepted to is the concluding clause of the instructions of the court in respect to the measure of damages, the whole of which is as follows:

"Now, as to the measure of damages: That is what the defendant agreed to pay this man, if he has a right to recover at all, viz., two hundred dollars per month and his board. If there were proof upon the question, he would be entitled to the expense of a return trip to Seattle, because that, as I understand it, is a part of the contract. Now, for what time may he recover? The allegation of the complaint is that they or he was damaged by reason of the discharge and consequent violation of the contract of hire. If the plaintiff had waited until the end of the year specified in his contract of hire, he might recover for the whole term mentioned in the contract, if entitled to recover at all. But the question now is, what was the damage he sustained by reason of such discharge? What the future holds in store for any one, no one can

tell. **If** a man were sick, or should he die, that would terminate his contract of hire, and he could recover nothing beyond that period. We are all liable to die at most any time. So uncertain is the future that to say a man will live for any time and may recover damages up to any time in the future is a proposition that is too uncertain to constitute a measure of damages. Evidence has been offered in this case on the part of the plaintiff, without objection, that he had made an effort to obtain employment from the time of his discharge, I believe, up to the present time; and that he had been unable to secure employment. Because of that declaration, uncontradicted, and coming before the court and jury without objection, I say to you the measure of damages in this case, if the plaintiff recovers, and you find he is so entitled to do, is the wages he was to receive from the time he was paid off up to the present time, the date of this trial, and such damages for board during the meantime as he is entitled to under the evidence before you. As to the character of the evidence upon the question of board, you will recall what that is. The defendant did not state what the expense of board was at Shakan, but what the expense had been to him, viz., fifty dollars a month. He stated, perhaps, in the first place, that the board down there might cost the company perhaps twenty-five to thirty dollars per month; but it is for you to determine under the evidence just what he is entitled to, and you are to recall just what the evidence was on this point. And if there is any evidence before you—I frankly state I do not recall any—as to the expense of a passage back from Shakan to Seattle, the plaintiff under his contract of hire is entitled to recover that, and you should so find. Perhaps I should state to you, further, that the true rule as to the measure of damages, if the plaintiff is entitled to recover at all under the evidence and these instructions, would be the amount due on the contract from the 1st day of March up to the present time, less the amount that has been paid. That is the true rule as to the measure of damages, although the way I stated it before would amount, perhaps, to the same thing in the end."

The instruction, as well as the theory upon which the complaint proceeds, is erroneous. The plaintiff's cause of action was not for wages, but for damages for breach of the contract. The complaint nowhere alleges that there is anything due the plaintiff from the defendant for services actually rendered; and, while it alleges that the plaintiff has been damaged by the defendant, the specific allegations of damage hereinbefore quoted clearly show that what he asked as damages, and all that he asked, is pay for his constructive services at the rate specified in the contract. In Saxonia Mining & Reduction Co. v. Cook (Colo.) 4 Pac. 1111, it is said:

"When a servant is discharged, without a sufficient legal excuse, before the expiration of his term, he has his choice of two remedies: He may treat the contract as rescinded, and at once bring an action for the value of the services rendered; or he may treat the contract as continuing, and sue for a breach thereof, and recover his probable damages occasioned by the breach; or, in some cases, he may defer suit until the end of the term, and sue for the actual damage he has sustained, which, however, can in no case exceed the wages for the entire term. Wood, Master & Servant, § 125, and authorities cited; Smith, Master & Servant, 91; Suth. Dam. 471. Under the remedy in the latter class of cases, the measure of damages is, not the amount of wages stipulated in the contract for the entire term, but the actual loss, to be established by proof, although the amount of the agreed wages may be taken as the measure of damages prima facie, or in the absence of any other showing. He cannot' recover the wages accruing for the balance of the term as a matter of course. He is bound to use reasonable efforts to secure labor elsewhere. If he has secured labor elsewhere, or by reasonable diligence might have done so, the amount received, or that might have been received, for such labor is to be deducted from the amount of the damages occasioned by the breach of the contract sued upon. Wood, Master & Servant, § 125, and cases cited; 1 Suth. Dam. 473."

See, also, numerous cases cited in 1 Am. & Eng. Enc. of Law (2d Ed.) 1104.

The plaintiff's duty (if he was improperly discharged) was to use prompt and reasonable diligence to procure other employment of a similar character, and thus reduce the damages; and, if he did not conform to that duty, the damages should be mitigated to the extent of the compensation which he might have received by proper effort in seeking employment. Park Bros. & Co. v. Bushnell, 60 Fed. 583, 9 C. C. A. 138; Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285; Costigan v. R. R. Co., 2 Denio, 609, 43 Am. Dec. 758. This phase of the case was eliminated from consideration by the jury under the instructions of the court below, which were to the effect that the plaintiff was entitled to recover (if at all) the amount that would be due under the contract in question from the 1st day of March, 1902, to the time of the rendition of the verdict, less the amount actually paid. The jury might have been satisfied, from the plaintiff's own testimony, from his manner of testifying, for instance, that he did not make any reasonable or bona fide effort to obtain other employment, and yet by the instructions of the court they were precluded from giving effect to such a conclusion.

The judgment is reversed, and the cause remanded to the court below for further proceedings.