SEMET–SOLWAY CO. v. WILCOX.

(Circuit Court of Appeals, Third Circuit. February 14, 1906.)

No. 54.

1. TRIAL—PROVINCE OF JURY.

Where a case fairly depends upon the effect or weight of the testimony, it is one for the consideration and determination of the jury.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 332–343.]

2. MASTER AND SERVANT—WRONGFUL DISCHARGE—QUESTION FOR JURY.

To carry the question of the discharge of a plaintiff from his employment by defendant to the jury, it is not necessary that plaintiff produce evidence of an express and formal discharge, but is sufficient if he proves facts from which an intent to discharge him may reasonably be inferred.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 57.]

3. SAME—ACTION FOR BREACH OF CONTRACT—DAMAGES RECOVERABLE.

An employé wrongfully discharged may, at his election, treat the contract of employment as absolutely and finally broken and recover the stipulated compensation for its full term, less what he might have earned and may earn in the future during such term.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 50–53.]

4. EVIDENCE—OPINION EVIDENCE—PHYSICAL CONDITION OF PERSON.

In an action for breach of a contract of employment by the wrongful discharge of plaintiff, his own testimony that at the time of his discharge his health was such that he was able to perform the services required by his contract is competent; the weight to be given his opinion being a matter for the jury in connection with the other evidence.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

S. H. Holding and W. S. Dalzell, for plaintiff in error.

Thomas Patterson and George E. Shaw, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. In this opinion the parties will be designated in conformity with their respective positions in the court below,

where the defendant in error was plaintiff and the plaintiff in error was defendant. By a contract in writing, dated May 13, 1903, the defendant employed the plaintiff for the term of five years; and in the statement of his cause of action the latter alleged that:

"On or about the 1st day of November, 1904, the defendant, without cause or reason, or previous notice to the plaintiff, advised the plaintiff that it refused to recognize any obligation under said contract, and terminated the said employment and refused to pay the plaintiff the salary due him to that time under the terms of said agreement."

The defendant denied that it had discharged the plaintiff, and insisted that, even if it had done so, his discharge would have been justified by the fact, as alleged, that the plaintiff's condition of ill health had become such as to incapacitate him for performance of the work he had been employed to do. Upon the issues thus presented considerable evidence was adduced, and at the close of the trial the learned judge was requested to instruct the jury that its verdict must be for the defendant. This he refused to do, and the matter to be first decided is whether that refusal was erroneous.

It is not necessary that we should pass upon the weight of the evidence, for the question is not what effect we would attribute to it, but whether the conclusion that was reached by the jury could have been reasonably founded upon it. The settled rule is:

"Where a case fairly depends upon the effect or weight of the testimony, it is one for the consideration and determination of the jury, under proper instructions as to the principles of law involved; and it should never be withdrawn from them, unless the testimony be of such a conclusive character as to compel the court, in the exercise of a sound judicial discretion, to set aside a verdict returned in opposition to it." Phœnix Ins. Co. v. Doster, 106 U. S. 32, 1 Sup. Ct. 18, 27 L. Ed. 65.

Tested by this rule, the refusal of the binding instruction asked for by the defendant was clearly right. Upon neither of the controverted questions we have mentioned was the testimony of such conclusive character as to require that the verdict which was rendered for the plaintiff should be set aside. As to both of them, the cause fairly depended upon the effect or weight of evidence, and it could not have been withdrawn from the jury without encroachment upon its appropriate and exclusive province. Bank v. Hunt, 78 U. S. 394, 20 L. Ed. 190. If the jury erred, the remedy was by the motion for a new trial which was made and overruled in the court below, and much of the argument which has been submitted here, however apposite it might be on such a motion, is not pertinent on writ of error. Schuchardt v. Allens, 68 U. S. 371, 17 L. Ed. 642.

To take the case to the jury on the question of discharge, it was not necessary for the plaintiff to prove that the corporation defendant had expressly and formally terminated his employment. Facts from which an intent to do so could reasonably be inferred were adequately shown, and whether or not the existence of such intent should be actually deduced from them was for determination by the jury. Wardlaw v. City of New York, 137 N. Y. 194, 33 N. E. 140; Railroad Co. v. Harvey, 15 Ky. Law Rep. 809. The instructions which were given upon this subject have, in part, been assigned for

error; but, when fully read, they appear to have been quite as favorable to the defendant as they properly could have been. They were as follows:

"It will be your duty, in considering his [the plaintiff's] side of the case, to ascertain, in the first place, whether he was discharged. The contention of the company is that while he came to see Mr. Handy, and while he talked to Mr. King, and while they refused to pay him the salary for the month of October, the matter was before the executive committee and had not been determined; that he was not discharged, but that Mr. Wilcox mistakenly and erroneously considered himself discharged when he was not in point of fact discharged, and that thereafter he accepted that as a discharge wrongfully, the defendant says; and that he failed to report for duty later, but voluntarily left Syracuse and performed no duty under that contract. Now, gentlemen, it will be for you to say whether Mr. Wilcox was discharged in the fall. * * * If you find that the plaintiff was not discharged in October, and I may say to you as a point of law that the employer to discharge one must make a plain, unequivocal, and certain statement of the fact that he does discharge a man before the law will consider it a discharge, if Mr. Wilcox was not discharged, if he was mistaken in reference to the fact that he was discharged, if the company only held this matter in abeyance for future consideration, and did not then discharge him, and Mr. Wilcox mistakenly took that for a discharge which was not a discharge—then we may say to you that he is not entitled to recover by reason of his having left his connection with the company and performed no services thereafter. In other words, he took it upon himself to discharge himself without there being any discharge from the company, and under those circumstances all he would be entitled to recover would be the thousand dollars for October, with interest upon that amount."

In treating of the defense of justification, the evidence was not in any respect erroneously referred to in the charge, and the instructions which were given concerning it were too manifestly correct to require vindication. The learned judge said:

"If you find that he [the plaintiff] was discharged in the fall, it then becomes your further duty to inquire whether the defendant in this case was justified in discharging him at that time. And here comes in a serious question of fact for you to determine. We have said to you that under this contract Mr. Wilcox was bound to render personal service to that company. You have the contract, but it was substantially to the effect that Mr. Wilcox should furnish services of the same nature that he had been performing before this contract was entered into. Now, if Mr. Wilcox was not able, was not in a physical or mental condition to perform those services, which he had agreed to perform under the contract, then this company was justified in terminating the contract and discharging him from its employ. And here comes in the serious question of fact for you to determine. Mr. Wilcox alleges that he was able to perform those services. The company says that he was not. Mr. Wilcox says that although he was suffering to a certain extent, that his arm was in such condition that he could not raise it up high, and that he was somewhat weaker from the effects of his illness, that he was substantially in the condition and with ability to perform this contract. The other people say that he had the appearance of a paralytic at that time; that he was not able to raise his hand; that he had a halt in his walk; that his mouth was drawn and the saliva was driveling from it. If that be the case, gentlemen, was he in a fit condition to perform the high character of services that were called for by this contract? That is the question for you to determine under the facts of this case. If he was in a condition to go on and perform these services, this company had no right to discharge him, if they did discharge him. On the other hand, if misfortune had come to him and he was not in a condition to perform those services which he had agreed to perform, then this company, unfortunate as it may be in its results, had the right to terminate the contract, and discharge him from its employ."

Respecting the measure of damages, the jury was told, in substance, that, even if the plaintiff had been unjustifiably discharged, it was incumbent upon him to seek remunerative employment elsewhere; and that, if the jury should find the fact of discharge and that it was not justified, it should, in assessing the sum to be awarded the plaintiff, make allowance to the defendant for what the plaintiff might have earned had he sought employment in the past, and for what he might still earn by seeking and obtaining employment in the future. It seems to be conceded, as we think it must be, that this instruction was correct in so far as it related to the period preceding the commencement of the suit; but it is contended that because it was not possible to determine with accuracy what the plaintiff might, by the exercise of due diligence, thereafter earn, he should not have been allowed any damages that accrued after the action was brought. This contention cannot be sustained. It was repelled by the Supreme Court in the case of Pierce v. Tennessee Coal & R. R. Co. (173 U. S. 1, 19 Sup. Ct. 335, 43 L. Ed. 591), in which, as was said in Roehm v. Horst (178 U. S. 15, 20 Sup. Ct. 780, 44 L. Ed. 953), "it was held that on discharge from a contract of employment the party discharged might elect to treat the contract as absolutely and finally broken, and in an action to recover the full value of the contract to him at the time of the breach, including pay that he would have received in the future as well as in the past, deducting any sum that he might have earned or that he might thereafter earn."

All the specifications have been dealt with, except those which aver that in several instances the court erred in admitting testimony to which the defendant objected. But the only point which has been pressed in support of any of these averments, and the only one which we regard as at all serious, is whether the plaintiff should have been allowed to testify that at the time of his alleged discharge he was able to perform the duties of his employment. This testimony, it will be observed, was not as to the nature of his disease, or any other matter about which, in the absence of special learning or experience, he might not have been qualified to speak. It was as to his ability, notwithstanding the state of his health, to do the work he had been employed to do, and upon that subject no one could have been better informed than himself. It would be difficult to supply a satisfactory criterion for distinguishing in all cases matters of fact from matters of inadmissible opinion, and we need not attempt to do so. But it may be confidently affirmed that a witness may always testify to any relevant fact which he has perceived by any of his senses, and that his impressions respecting facts so perceived are not in every case to be excluded as being merely opinions. "It is the constant practice to receive in evidence any witness' belief of the identity of a person, or that the handwriting in question is or is not the handwriting of a particular individual, provided he has any knowledge of the person or handwriting"; and, "in an action for breach of promise to marry, a person accustomed to observe the mutual deportment of the parties may give in evidence his opinion upon the question whether they were attached." 1 Gr. Ev. § 440. So, too, any one who saw and

observed the person in question upon the occasion referred to may testify that in his judgment that person was intoxicated. People v. Eastwood, 14 N. Y. 562. The plaintiff's statement of his capability to discharge the duties he had assumed may, in a sense, be taken to import nothing more than that such was his impression or belief on the subject; but his impression, if impression it should be called, was at least based upon facts which he personally knew, and therefore it was itself a fact which the jurors were entitled to consider, though they might deem it to be of but little weight. Blake v. People, 73 N. Y. 586. That the character of the plaintiff's sickness, and all matters pertaining to it, in which a point of medical science was involved, were subjects upon which persons conversant with that science were alone qualified to express an opinion, is undoubtedly true. But much depends upon the nature of the question upon which an opinion is asked, and even if the question in this instance should be regarded as calling for the expression of an opinion merely, it would not follow that the court erred in allowing it. "There are some matters of which every man, with ordinary opportunities of observation, is able to form a reliable opinion" (Ardesco Oil Co. v. Gilson, 63 Pa. 151) ; and the ability of the plaintiff to do the particular work which he had engaged to do was certainly a matter of which he had more than ordinary knowledge, and upon which he was especially competent to form a correct judgment. That question was not one that could be determined only upon scientific theory, or by abstract reasoning, and the opinion of the plaintiff respecting it, being founded upon facts within his own knowledge and experience, was no less reliable than it would have been had he appeared to be an "expert" in the too restrictive sense in which that term has been sometimes, but not always, used. D. & C. Steam Towboat Co. v. Starrs, 69 Pa. 41.

We have reached the conclusion that the evidence which has been under consideration was rightly received; but may add that, even if we entertained a doubt upon the subject, the judgment of this court would be certainly influenced, and might be determined, by the rule that "whether the witness be a competent expert, and whether the contention be such as calls for expert testimony, * * * is largely in the discretion of the trial judge." Ryder v. Jacobs, 182 Pa. 630, 38 Atl. 471; Stevenson v. Coal Co., 203 Pa. 330, 52 Atl. 201.

The judgment of the Circuit Court is affirmed.