DAVEY TREE EXPERT CO. et al. v. VAN BILLIARD et al.

(Circuit Court of Appeals, Third Circuit. December 5, 1918.)

No. 2390.

1. PATENTS ⬤⟹324(5)—QUESTION PRESENTED FOR REVIEW.
   In a suit for the infringement of two patents, where one patent was found infringed, etc., the question of the validity of such patent cannot be reviewed on plaintiff's appeal from the other portion of the decree, denying relief as to the other patent.

2. PATENTS ⬤⟹156—INFRINGEMENT SUIT—REFUSAL TO FILE DISCLAIMER.
   Where trial court found that several claims of plaintiffs' patent were valid and infringed, but that one claim was invalid, *held*, that plaintiffs should not be denied all relief because of their refusal to file a disclaimer as to the single claim, Rev. St. § 4922 (Comp. St. § 9468) authorizing no such procedure, but the trial court should instead enter a decree finding invalid the single claim, and finding the others valid and infringed, etc.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Edward G. Bradford, Judge.

Bill by the Davey Tree Expert Company and others against Rue J. Van Billiard and another. From a decree which dismissed plaintiffs' bill in so far as it relied on one patent, because plaintiffs refused to file a disclaimer as to the first claim of said patent, which was found invalid by the trial court, plaintiffs appeal. Reversed and remanded.

See, also, 248 Fed. 718.

---

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The following memorandum opinion of the court below was filed March 14, 1918:

"This court has heretofore found that United States patent No. 890,968 is valid as to claims 3, 4, 6 and 8, and that all of said claims have been infringed as charged, and that United States patent No. 958,478 is valid as to claims 2, 3, 4, 5, 8 and 11, but void as to claim 1 in view of the prior art, and that all of the above-mentioned claims of the last-named patent have been infringed, and February 4, 1918 ordered that the complainants have leave within thirty days next thereafter to enter a disclaimer as to claim 1 of patent No. 958,478 in the Patent Office, and to file in this court a duly certified copy of said disclaimer in default of which the bill would be dismissed as to the patent last aforesaid (248 Fed. 718); and no disclaimer having been entered and filed pursuant to said leave, the solicitors for the complainants have prepared and submitted a proposed interlocutory decree to the effect that the above-enumerated claims of patent No. 890,968 are valid and have been infringed as charged; that the complainants recover the profits made by the defendants and damages sustained by the complainants by reason of the said infringements; that the cause be referred to a master to ascertain the amount thereof, and that the defendants be enjoined from violating the claims of the patents last aforesaid; that claim 1 of patent No. 958,478 is invalid in view of the prior art; that the bill as to the patent last aforesaid be dismissed for want of a disclaimer, and that the cross-bill also be dismissed.

"The solicitor for the defendants objects to the proposed interlocutory decree for several reasons. He contends that, patent No. 958,478 having been found invalid as to claim 1, and no disclaimer having been made as to that claim, it is improper to recognize any of the claims of that patent as valid and infringed. Undoubtedly it would be erroneous to hold that the above enumerated claims of that patent, other than claim 1, are absolutely and without qualification valid and enforceable in the absence of disclaimer as to that claim. But obviously it is necessary in order to determine how far a disclaimer duly made as to a void claim may operate to save to a patent owner the benefit of unobjectionable claims, to ascertain which of the other claims in suit are valid and enforceable in the absence of all necessity for a disclaimer. Otherwise it would be difficult, if not impossible, to have knowledge of the number and identity of the claims necessary to be included in a disclaimer. Thus it is not only not improper but highly desirable, if not necessary, to pass upon the validity or invalidity of the remaining claims in suit. Such ascertainment of the validity of such claims and of the fact of infringement does not entitle a complainant to recover profits or damages where a disclaimer is necessary and has not been made, nor can it in any manner prejudice the rights of a defendant.

Another ground of objection is that where a patent contains a number of claims and the bill charges infringement generally without alleging infringement of any particular claims, it is the right of the parties to receive and the duty of the court to give a decision as to the validity and infringement of all of the claims. This objection has no force where the court passes upon all of the claims in suit although not all the claims of the patent in suit. The claims in suit do not necessarily embrace all the claims in the patent. A defendant by his action may infringe one claim of the patent without violating another claim in the least degree. In view of this consideration it is a usual, reasonable and proper course for the complainant not to stand upon fifty patent claims where he cannot hope to succeed on more than one or two, but to limit on the record his demand for relief to certain specified claims. Having done this the claims upon which the parties have a right to expect a decision from the court are subject to such limitation. In the defendants' brief it is stated, as it was in substance by their counsel in open court, that "defendants are charged with infringement of claims 3, 4, 6 and 7 of letters patent No. 890,968, * * * and claims 1, 2, 3, 4, 5, 8 and 11 of letters patent No. 958,478;" that "although said letters patent No. 890,968 includes seven claims, only claims 3, 4, 6 and 7 are in suit"; and that "although said letters patent No. 958,478 includes seventeen claims

only claims 1, 2, 3, 4, 5, 8 and 11 are in suit." The court has passed upon all of the above-specified claims; the same being admittedly all of those in suit. The defendants cannot now be heard to deny this fact, and thereby open the door to confusion, surprise and embarrassment in the disposition of the case. Reference has been made by the solicitor for the defendants to National Malleable Castings Co. v. T. H. Symington Co., 234 Fed. 343, 148 C. C. A. 245; but that case as there reported read in connection with the facts as disclosed in the same case at earlier stages (230 Fed. 821, 145 C. C. A. 131; [D. C.] 222 Fed. 517), contains nothing in conflict with the conclusion here expressed and wholly fails to support the defendants' contention.

"An interlocutory decree in accordance with these views will be made."

Bakewell & Byrnes, of Pittsburgh, Pa. (William A. Schnader, of Philadelphia, Pa., and Clarence P. Byrnes, of Pittsburgh, Pa., of counsel), for appellants.

Arthur E. Paige, of Philadelphia, Pa., for appellees.

Before BUFFINGTON and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge. This case is one that challenges a consideration of some matters not discussed at the hearing. The subject involved is what is commonly known as "tree doctoring" by filling up the cavities of decaying trees. The care of trees is a matter of such general importance, and one of the patents involved is of so broad, inclusive a character, that if the inventor has benefited the art in the way he claims, he is entitled to and should have a broad, generic claim to cover his invention. On the other hand, if his invention is not of that character, he should not preclude the public from doing everything it can in the way of the preservation of trees.

The present case was against two former workmen of the plaintiff, and was not defended by strong parties. We do not know, and do not say, that a stronger defense could have been made out than has been, but we are not willing to give, at the present stage of the case, the stamp of approval of the Third Circuit to the validity of the broad, generic claim here involved, unless the record compels us so to do. In making this statement, we express no opinion adverse to the validity of that claim.

[1] Infringement of two patents was charged in the bill filed below. The earlier patent, No. 890,968, issued June 16, 1908, to John Davey and others, was found valid by the court and held infringed by the defendant, and its further use enjoined by the decree. From this decree the defendants have not appealed, and the validity and infringement of that patent are not before us.

[2] The second patent, No. 958,478, issued May 17, 1910, to Wellington E. Davey, is of a much broader subject-matter, and claim 1 thereof is for the alleged generic feature. The court below found several other claims of the patent valid and infringed, and in its opinion directed the preparation of a decree holding such claims infringed. In that opinion, which is reported at 248 Fed. 718, it further found claim 1, which was the broad general claim, was invalid, and thereupon directed the plaintiff to file a disclaimer thereof in the Patent Office within thirty days. The plaintiff declined to file such disclaim-

er, and thereupon the court entered a decree dismissing the bill entirely as to patent No. 958,478, which, it will be observed, carried with it the dismissal of those claims of the patent which the court had found valid and infringed. The practical effect of the direction of the court that the plaintiff file a disclaimer would have been to prevent the plaintiff, had he complied with such order, from reviewing the decision of the court below on the validity of his generic claim; and the bill being dismissed as to the other claims of the patent, the defendant has no opportunity to now review the question of the validity and infringement of the claims which the court in its opinion so held valid and infringed.

After due consideration had, we are of opinion the penalty imposed by the court below upon the plaintiff for not filing a disclaimer cannot be justified. Congress, by Rev. St. § 4922 (Comp. St. § 9468), has provided a statutory penalty on a patentee for failure to enter a disclaimer, namely, that unless he does so before he brings suit he cannot recover costs. But Congress has nowhere enacted that a refusal to enter a disclaimer should be punished by a dismissal of a patentee's bill. Of the plaintiff's right to review in this court the decree of a District Court adjudging a claim of his patent invalid, there can be no question. But, if the order of the court forcing the plaintiff to file a disclaimer had been followed, it would have resulted in the extinction of the claim, and consequently of the right of the plaintiff to review in this court the question of the validity of such claim which he had been thus forced to disclaim, for it is quite evident that, if the plaintiff once filed his disclaimer, that was the end of his claim, and he never could raise the question of its validity in the court below, in this court on appeal, or in any other jurisdiction. The claim simply would not exist. Moreover, the practical effect of the decree below was that, while the opinion of the court held certain claims of the patent valid, dismissal of the bill prevented the defendant contesting the correctness of that conclusion.

In view of these conclusions, it has seemed to us the decree below should be reversed, and the cause remanded for further action in the court below, which, if the court still holds to its opinion, so far as patent No. 958,478 is concerned, would take the form of a decree against the plaintiff, adjudging the first claim of his patent invalid, and against the defendant, holding the other claims valid and infringed. The question of cost would be determined in such a way as the situation warranted in view of Rev. St. § 9468. Such a decree being then entered, there would be a final decree from which the plaintiff could appeal in so far as the bill is dismissed as to the the first claim, and from which the defendant could appeal in so far as the decree sustained the other claims involved in plaintiff's patent. In this way we would have the whole controversy before us at one hearing, and by that time there might be other developments in other cases involving this patent, which would lead to our having a more complete view of the situation, before this court committed itself to sustaining the validity of the broad first claim of patent No. 958,-478, in case we should reach that conclusion.