## WRIGHT v. BARNARD et al.

(District Court, D. Delaware. December 24, 1919.)

No. 338.

1. Courts ⟾481—One judge will not review prior rulings of another in same court.

While, on final hearing, all questions upon the merits and all previous interlocutory orders or decrees touching the merits are in general open for revision and under the control of the court, one judge will not review the rulings of another in the same court.

⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. **Master and servant ☞42(1)—Failure to seek other employment after discharge is matter in mitigation only.**

It is the duty of an employé wrongfully discharged to use diligence to secure other similar employment and thus lessen his damages, and his failure to do so is a fact in mitigation of damages, but does not bar his right to any damages.

3. **Equity ☞410(4)—General exception to findings of master insufficient.**

An exception to the report of a master, which is merely a general denial of his findings and conclusions, is too general for consideration.

4. **Equity ☞410(4, 6)—Requisites of exception to master's report.**

An exception to the report of a master should distinctly point out the finding or conclusion which it seeks to reverse, and exceptions will not lie to comments of the master on evidence, nor to his reasons for his findings.

5. **Equity ☞409—Master's report presumptively correct.**

The presumptions are in favor of a master's report, and his findings are not to be set aside or modified, in the absence of some clear error or mistake.

6. **Damages ☞68—Allowance of interest discretionary.**

Allowance of interest on damages is not an absolute right, but rests largely in the discretion of the trial tribunal, and in an action for anticipatory damages for breach of a contract of employment, which has yet some years to run, interest may properly be refused.

In Equity. Suit by Herman L. Wright against Cynthia E. Barnard, executrix of the will of Remsen C. Barnard, deceased, William Pennewill, and the Stetson & Ellison Company. On exceptions to master's report. Modified and confirmed.

John W. Huxley, Jr., of Wilmington, Del., and Wm. H. Osborne, of New York City, for plaintiff.

Robert H. Richards and James I. Boyce, both of Wilmington, Del., and Wm. M. Hope, of Dover, Del., for defendants.

MORRIS, District Judge. The substantial rights of the parties were determined and the case referred to a master for an accounting by Judge Bradford prior to his retirement. 248 Fed. 756. To the report and findings of the master exceptions have been filed by both the complainant and the defendants. The defendants have also filed a motion—

"that all matters involved in this cause, including particularly the nature of the contract as alleged in the bill of complaint, may be argued and heard when the exceptions to the report and findings of the said special master are argued and heard."

The motion and exceptions were heard at the same time by the court as now constituted. In support of the motion two contentions are made: First, that it has not been decided by the court whether the contract alleged in the bill of complaint is a contract of employment at will, or for a fixed and definite time, and that such decision is necessary before the report and findings of the special master and the exceptions thereto may be passed upon by this court, and before a final decree can be entered in this cause; and, secondly, that on final hearing all questions upon the merits and all previous interlocutory orders

or decrees touching the merits are open for revision and under the control of the court.

Whether the first contention is valid must be settled by the opinion and the order of reference. The opinion says:

"For the reasons hereinbefore given the complainant must be held entitled to receive * * * damages representing the net pecuniary loss sustained by the complainant from being wrongfully deprived through the fraud of the defendants of the opportunity of receiving the specified salary of $5,000 a year from the time to which it was paid as aforesaid until January 1, 1922; such net pecuniary loss to be ascertained in the light of the circumstances of the case, including probabilities of life, the complainant's earning capacity, and the extent to which he has offset, or had the opportunity of offsetting, or may reasonably be expected to offset, his loss with respect to the nonreceipt of the specified salary. * * *"

The order of reference provides:

"That said cause be and hereby is referred to William G. Mahaffy, Esq., as master, to take an account and ascertain the amount of damages representing the net pecuniary loss, if any, sustained by the complainant through being wrongfully deprived by the fraud of the defendants of the opportunity of receiving from the defendant Stetson & Ellison Company salary at the rate of $5,000 a year from the 1st day of March, A. D. 1913, until the 1st day of January, A. D. 1922; such pecuniary loss to be ascertained in the light of the circumstances of the case, including probabilities of life, the complainant's earning capacity, and the extent to which he has offset, or had a reasonable opportunity of offsetting, or may be reasonably expected to offset, his loss with respect to the nonreceipt of the specified salary during the above specified period."

It is suggested by the defendants that the words "if any," found in that order, leave the legal question as to the nature of the contract open and undecided. I do not see that these words have the suggested force. The opinion expressly holds the complainant legally "entitled to receive * * * damages" in connection with loss of salary "from the time to which it was paid as aforesaid until January 1, 1922." It then became necessary to determine the actual damages, if any, sustained by the complainant through being wrongfully deprived of the opportunity of receiving the specified salary for the stated period. This matter was referred to a master. As the evidence to be taken by the master might show the complainant not entitled to any actual damages, proper precaution demanded the insertion of the words "if any" in the order of reference. I find no inconsistency between the opinion and the order of reference. The question of the nature of the contract was presented to the court and fully argued by counsel, and as its opinion is inconsistent with any theory other than a finding by the court that the contract was a contract of employment for a fixed and definite time, and not at will, I must conclude that it so found. The first contention of the defendants cannot therefore be sustained.

[1] While the second contention of the defendants, namely, that on final hearing all questions upon the merits and all previous interlocutory orders or decrees touching the merits are open for revision, and under the control of the court may, as a general rule, be valid, such rule is subject to a well-recognized exception to the effect that one judge will not review the rulings of another in the same court. Taylor v. Decatur Mineral & Land Co. (C. C.) 112 Fed. 449; Wakelee v. Davis

(C. C.) 44 Fed. 532; Appleton v. Smith, 1 Dill. 202, Fed. Cas. No. 498; Reynolds v. Iron Silver Min. Co. (C. C.) 33 Fed. 354; Davey Tree Expert Co. et al. v. Van Billiard, 255 Fed. 781, 167 C. C. A. 125. The exception, and not the general rule, governs this case. Consequently this contention also fails, and the motion must be denied.

Turning to the exceptions of defendants, they are:

"(1) The defendants except to the report and findings of the said special master, for that the said special master declined to hold, as contended for by the defendants, that the contract involved in the suit fixes no express period of employment of the plaintiff, and therefore any employment of the plaintiff thereunder was one at will, and could be terminated by either the employer or the employé, at any time, without liability on the part of the employer for salary after such termination.

"(2) The defendants except to the report and findings of the said special master, for that the said master declined to hold that the plaintiff cannot recover damages on his contract of employment beyond the date of the trial of this suit, or the date of the decree to be entered therein.

"(3) The defendants except to the report and findings of the said special master, for that the said master declined to hold that the plaintiff is not entitled to any damages for breach of employment after September 1, 1918, the date when he embarked in the flotation of the Philadelphia & South American Steamship Corporation.

"(4) The defendants except to the report and findings of the said special master, for the reason that the master failed to hold that the plaintiff was not entitled to any damage by reason of being deprived of the opportunity of receiving from Stetson & Ellison Company, one of the defendants, salary at the rate of $5,000 a year from the 1st day of March, 1913, until the 1st day of January, 1922."

The question raised by the first exception is the one raised by the first contention under the motion above considered. The contract having been held by the court to be a contract fixing an express period of employment, it was not within the province of the master to find that the contract fixed no express period of employment. The first exception should therefore be overruled.

I think the question raised by the second exception was likewise disposed of by the trial judge, and adversely to the defendants. As I view it, the contention of the defendants is inconsistent with the direction to the master to ascertain damages for the period ending January 1, 1922. The second exception must therefore be overruled.

[2] The flotation of the Philadelphia & South American Steamship Corporation, referred to in the third exception, is characterized by the defendants as a venture purely speculative, and they contend that, when the complainant decided to and did devote his time and efforts to it, without salary or compensation, other than certain shares of its capital stock, he elected to abandon and waive his rights under the contract here involved, and to accept in lieu thereof the opportunity for gain then thought to be attached to the shares of stock. This contention is bottomed upon another, namely, that, even if it be conceded that the complainant was unlawfully discharged, the law thereupon imposed upon him the positive and affirmative duty promptly to use all reasonable diligence to obtain other remunerative employment for the purpose of minimizing the damages arising from his unlawful discharge. I do not understand the latter contention to be disputed, but I cannot concede that the effect of the breach by the complainant of

this duty is followed by the consequences suggested by the defendants, namely, forfeiture of all claim to damages. The duty of an employé improperly discharged and the consequences of a failure on the part of such discharged employé to conform to that duty are clearly stated by the Circuit Court of Appeals for the Ninth Circuit in Alaska Fish & Lumber Co. v. Chase, 128 Fed. 886, 890, 64 C. C. A. 1, 5, thus:

"The plaintiff's duty (if he was improperly discharged) was to use prompt and reasonable diligence to procure other employment of a similar character, and thus reduce the damages; and, if he did not conform to that duty, the damages should be mitigated to the extent of the compensation which he might have received by proper effort in seeking employment."

The above statement of the law is consistent with the law as expressed by the Circuit Court of Appeals for this circuit in Semet-Solway Co. v. Wilcox, 143 Fed. 839, 842, 74 C. C. A. 635. See Id., 202 U. S. 617, 26 Sup. Ct. 764, 50 L. Ed. 1173. As the legal effect of complainant's failure to conform to his duty is not waiver of all damages, but merely mitigative thereof to the extent of the compensation which he might have received by proper effort in seeking employment, the third exception should be overruled.

[3] The fourth exception amounts simply to a general denial of the findings and conclusions of the master, and is therefore too general. Sheffield, etc., Railway Co. v. Gordon, 151 U. S. 285, 289, 14 Sup. Ct. 343, 38 L. Ed. 164; Harding v. Handy, 11 Wheat. 103, 126, 6 L. Ed. 429; Mason et al. v. Crosby et al., 3 Woodb. & M. 258, Fed. Cas. No. 9,236. Notwithstanding this fact I have reviewed the findings and conclusions of the master, and am of the opinion that the evidence taken by him, when considered in the light of the order of reference and the opinion of the court prior thereto (248 Fed. 756), would not justify a finding by him that the complainant was not entitled to any damages by reason of being deprived of the opportunity of receiving from Stetson & Ellison Company, one of the defendants, salary at the rate of $5,000 a year from the 1st day of March, 1913, until the 1st day of January, 1922. This exception should therefore be overruled.

The exceptions of the complainant remain. They are:

"First. That the master erred in his finding of fact (in paragraph 4, section 3, page 11, of his report) 'that the testimony given by the complainant may be justly characterized as vague and general,' etc. That the testimony taken before the master (Record, pp. 3 to 14, inclusive, 39 to 43, inclusive, 45, 46, 51, 53, 61, 69, 70, 73) shows specifically the endeavors of the plaintiff to secure employment, the names and addresses of the parties with whom he secured employment, the duration of such employment and the remuneration received.

"Second. That the master's finding of fact (paragraph 4, section 3, page 11, of his report) 'that there were speculative features incident to some of the occupations accepted by the complainant, and complainant has failed to show frankly and fully facts and circumstances from which to find his exercise of due diligence with the means at his command to procure other employment of a character similar to that in which he was engaged with the defendant company,' is erroneous, and not supported by the evidence adduced before the master; it affirmatively appearing (Record, pp. 86 and 87) that the positions entered into by the complainant were no more speculative than that under his contract with the Stetson & Ellison Company.

"Third. That the master erred (in paragraph 5, section 3, pages 15 and 16 of his report) in finding 'that the evidence was so incomplete and inconclu-

sive with respect to this transaction that the master is not willing to go farther than to find that such evidence should deprive the complainant of any recovery measured by loss of salary for the time heretofore found as applicable thereto, namely, from September 1, 1916, to September 1, 1918.' That it affirmatively appears by the evidence adduced before the master (Record, pp. 8, 9, 10, 11, 12, 13, 14, 20) the precise amounts of money which the complainant earned, and it nowhere appears in the record that the complainant might have earned more in the period from September 1, 1916, to September 1, 1918; the burden of proving that the plaintiff might have obtained more remunerative employment resting upon the defendants. In order to deprive the complainant of all salary from September 1, 1916, to September 1, 1918, it must affirmatively appear from the evidence that the complainant could have made $5,000 a year during said period. There is not a scintilla of evidence in the entire record to support such a finding.

"Fourth. That the finding of the master (in paragraph 6, section 3, pages 16 and 17 of his report) 'that in view of the exaggerated and excessive claims made by the complainant with respect to his damages, in connection with the other circumstances surrounding this case, the master finds that no interest should enter into the computation of the amount of damages that may be awarded the complainant, other than interest on dividends,' etc., is erroneous, unwarranted by all the testimony in the case, and is in conflict with both the spirit and tenor of the court's opinion as amended, and with the order of reference herein; the question of interest being within the discretion of the court and not of the master."

[4] The Supreme Court, in Foster v. Goddard, 1 Black, 506, 509 (17 L. Ed. 228) said:

"The exception should distinctly point out the finding and conclusion of the master which it seeks to reverse."

Exceptions will not lie to the comments of the master upon evidence, nor to the master's reasons for his findings, but will lie to his findings and conclusions only. A contrary rule would be equivalent to an assignment of error to the opinion of the court, rather than to its judgment or decree. The first exception is not directed to any finding or conclusion of the master, but to his characterization of the testimony given by the complainant. Even if it be an erroneous characterization, it is an immaterial error, and as such presents no ground for setting aside or recommitting the master's report. This exception should be overruled.

I am inclined to think that the second and third exceptions are likewise defective, but I prefer to resolve the doubt in their favor and dispose of the case on its merits. I shall therefore consider the second exception as questioning the accuracy of the master's finding:

"That, aside from the facts to be immediately referred to, the measure of complainant's damages should be the difference between $416.66 a month, the amount of his salary provided in the contract, and the three hundred dollars mentioned, or $166.66 a month from March 1, 1913, to January 1, 1922."

[5] It is well settled that the presumptions are in favor of the master's report, and his findings are not to be set aside or modified in the absence of some clear error or mistake. But ignoring, for the moment, these principles of law and considering the question de novo, I am convinced there is no substantial error in the foregoing finding of the master. The evidence presented to the court shows the complainant to be a man of much skill and ability. He had no difficulty in obtaining $300 a month from the defendant company in the year 1910, when he was only 27 years of age. His compensation for the year 1911

was increased to about $6,500. At the end of that year he obtained a still more advantageous contract. The master was required to find the net pecuniary loss sustained by the complainant through his being wrongfully deprived of the opportunity of receiving salary at the rate of $5,000 a year from March 1, 1913, until January 1, 1922. In the performance of this duty the master of necessity had to consider, not only the extent to which the complainant had offset his loss, but also the extent to which he had had reasonable opportunity of offsetting it, and further the extent to which he thereafter might be reasonably expected to offset his loss. The extent to which complainant has offset his loss, or the extent to which he has had reasonable opportunity to offset it, does not furnish an infallible guide to the loss, if any, which may be sustained by him in the future. The master took the sum of $300, the salary obtained by the complainant in 1910, when only 27 years of age, as representing, not merely the extent to which complainant had offset his loss, or had had a reasonable opportunity of so offsetting it, but as representing the average monthly offset from March 1, 1913, to January 1, 1922.

It is difficult to understand how the complainant can justly object to this, for it ignores the probable increases in salary, similar to those obtained by him in 1911 and 1912, to be obtained from time to time before January 1, 1922, by proper effort in seeking and retaining employment, and it ignores the increased earning capacity in all probability accompanying and following continued effort and increasing experience. I think the testimony given before the master is not sufficient to show that the complainant is prejudiced by the finding in question. It is true the complainant states that the positions sought by him were not more speculative than the one which he took with the defendant company; but this is a conclusion rather than a statement of fact, and the accuracy of it must be tested by the facts. These facts disclose that from September, 1913, to the last of December, 1913, and from September 1, 1916, to September 1, 1918, the complainant was employed without fixed salary but entirely on a contingent basis. Under his contract with the defendant company the complainant was to receive a substantial fixed salary as well as a share of the profits. It cannot be accurately said that employment providing for contingent compensation only is not more speculative than employment for a substantial fixed salary and additional contingent compensation. Further, the evidence before the master disclosed that during the period in question the complainant had employment at a fixed salary of about $60 per week. He voluntarily quit this position. Estimated upon this basis, with probable increases, the complainant's average earnings would be not materially different from the average found by the master. Considering the practical impossibility of showing with exactness the damages for an anticipatory breach, and considering the fact that, when considering the case de novo, I arrive at substantially the same result as the master, I am of opinion that the exception must be overruled.

I assume that the third exception challenges the correctness of the finding of the master:

"That the complainant is not entitled to any compensation by way of damages during the period from September 1, 1916, to September 1, 1918."

The evidence discloses that the complainant did not during that period exercise prompt and reasonable diligence to procure other employment of a character similar to that had by him with the defendant company. The consequence of his failure so to do is, as heretofore shown when dealing with the defendants' third exception, not the loss of all damages for the specified period, but the mitigation of damages to the extent of the compensation which he might have received by proper effort in seeking employment. This exception, therefore, should be sustained, and the damages found by the master should be increased to the extent of $166.66 per month for the period of 24 months, beginning September 1, 1916, and ending September 1, 1918, or a total of $2,800.

[6] The fourth exception raises a question of interest upon or as an element of damages. The allowance of interest on damages is not an absolute right. Whether it ought or ought not to be allowed depends upon the circumstances of each case, and rests very much in the discretion of the tribunal which has to pass upon the subject, whether it be a court or jury. Dyer et al. v. National Steam Navigation Co., 118 U. S. 507, 518, 6 Sup. Ct. 1174, 30 L. Ed. 153. The period for which this court has held the complainant was employed has not yet ended. It would be difficult to conceive of damages more uncertain than those arising directly or indirectly out of an anticipatory breach of contract, where the term of employment provided for by the contract has still a long time to run after the testimony is taken. I therefore think judicial discretion calls for the application of the rule stated in 8 R. C. L. 533, thus:

"In general, interest as damages is not recoverable in tort actions, or upon damages of an unliquidated nature, for the reason primarily that they are in their nature uncertain, or are, so far as they may be ascertainable, deemed to be superseded by, or absorbed in, the principal demand."

I do not consider this conclusion in conflict with the opinion of this court preceding the order of reference. Interest on the dividend item of $1,000 will be allowed from the date on which it was payable.

For the foregoing reasons, as well as for the reasons stated by the master, the fourth exception must be overruled.

The master's report, except as herein modified, should be approved and confirmed.