## 12010.  SOUTHERN COTTON OIL COMPANY *v.* YARBOROUGH.

1. In a suit to recover damages for breach of a contract of employment, the measure of damages is the actual loss sustained, and not the stipulated amount of wages and expenses from the time of the discharge to the date of the filing of the suit.

2. Where an employee is wrongfully discharged before the termination of his contract of employment, it is his duty to lessen the damages resulting from the breach; and his net earnings from his labor during the period for which damages are claimed should be deducted from the amount of the damages allowed.

3. It is the duty of the court, without request, to instruct the jury as to the proper basis on which damages are to be estimated in the particular case.

DECIDED MAY 2, 1921.

Action on contract; from city court of Savannah — Judge Freeman. November 6, 1920.

Application for certiorari was denied by the Supreme Court.

This is a suit to recover damages for the breach of a contract. The case made by the plaintiff's petition, substantially stated, is as follows: In May, 1912, the plaintiff was employed by the defendant as a salesman, at a salary of $100 per month and his expenses in traveling through various States as directed by the defendant. Subsequently this contract was modified or changed, and it was agreed that, beginning with June 1, 1912, the plaintiff would, for the remainder of his natural life, act as a salesman upon a stipulated commission, to be paid to him monthly, so long as he obtained for the defendant the minimum amount of business specified in the contract. The amount of commission that he was to receive was agreed to be $210 per month, provided he produced the volume of business stated, and, in addition to this commission, it was agreed that he was to get a stated commission on all excess of the stated volume of business. The $210 was to cover traveling expenses and his labor in building up good will for his employer. The contract was originally made for the company by its duly authorized agent, who made all similar contracts, and was subsequently ratified in writing by correspondence between the plaintiff and the defendant. Under this contract the plaintiff worked for the defendant from June 1, 1912, to June 1, 1917, performing the full amount of his stipulated business, and earning, in addition to the $210 per month, the stipulated bonus of $89.87-½ per month. The petition alleged that while still complying with the terms of his contract, the defendant company, in July, 1917, without legal right to do so, discharged him from its employment and failed to permit him to continue in its employment to perform his contract; that he was discharged wrongfully and in violation of the terms of his contract; that at the time of his discharge he was 48 years and 11 months of age, and had a reasonable expectancy of 23 years; and he fixed his damages in the sum of $50,000.

The defendant demurred generally to the petition, and specially to paragraphs 3 and 15, and the court overruled the general demurrer, and the special demurrer as to paragraph 3, and sustained the special demurrer as to paragraph 15, which alleged the age of the plaintiff at the time of his discharge and his reasonable expectancy of 23 years, for the entire period of which he claimed the right to recover. There was no exception to the judgment on the demurrer. In sustaining the special demurrer as to paragraph 15 the court required the plaintiff to amend the petition, and he amended as follows: " The damage suffered by the petitioner between the date of his discharge and the date of the filing of his suit is as follows: Loss of drawing account of $210 per month for 22 months, $4,620.00; loss of average commissions earned as hereinbefore set forth, of $89.87-1/2 a month for 22 months, $1,977.25; total, $6,597.25." The defendant made no objection to this amendment, and the trial proceeded on the issues made by the petition as amended and the answer, and resulted in a verdict in favor of the plaintiff, for $3,940.50. The defendant made a motion for a new trial, containing numerous grounds. The case is here on exceptions to the judgment overruling the motion for a new trial.

*George W. Owens, Anderson, Cann & Cann,* for plaintiff in error. *Travis & Travis,* contra.

HILL, J. (After stating the foregoing facts.) We have given the record in this case, in connection with the very exhaustive briefs of counsel, careful study and consideration, and have come to the conclusion that none of the assignments of error contained in the motion for a new trial are meritorious, except the one to which we shall specifically refer hereafter. Without elaboration, and contenting ourselves with a general statement as to the principal grounds of the motion for a new trial, which were so earnestly urged upon our consideration by the learned counsel for the plaintiff in error, we state that in our opinion a valid contract was made between the plaintiff and the defendant, and if this contract was not fully authorized originally when made, it was ratified, with full knowledge by the defendant, by the course of dealing and conduct and correspondence, for the entire period between the beginning of his contract and the discharge of the plaintiff five years thereafter. This discharge the evidence shows was admittedly without cause, it being stated in the letter discharging the plaintiff

that it was due to depression in the business of the company generally and the necessity for reducing expenses, which letter contained a check for $210 to cover the plaintiff's commission to that extent for the month subsequent to his discharge. The right to discharge the plaintiff was claimed on the ground that the contract, being for an indefinite time, to wit, for the life of the plaintiff, was terminable at the will of either party. Whether, under the law, a contract for life is an indefinite contract, need not, in view of the amendments to the pleadings, be determined. We will say, in passing, however, that we do not agree with the contention that a contract for life is such an indefinite contract as to be terminated at the option of either party, and we do not think that the code section relied upon (Civil Code of 1910, § 3133), which states that an indefinite hiring may be terminated at the will of either party, is applicable to a contract for life. Since, however, as we have stated, the paragraph of the plaintiff's petition which claimed damages for the remainder of his lifetime was stricken by the order of the trial court, and an amendment substituted which limited the recovery to the period between the date of the discharge and the date of filing of the suit, which amendment specifically set out the amount of damages claimed during such period, and was acquiesced in by the defendant, the question whether a contract for life is one terminable at the will of either party is not involved. The amendment in effect substituted for a contract for life a lawful contract for the period between the discharge and the filing of the suit; and we think there can be no doubt, under the evidence, that the plaintiff did have a valid, enforceable contract. With this statement we come to the consideration of that error in the trial of the case which we think was prejudicial to the defendant's rights.

One of the grounds in the motion for a new trial complains that the verdict for the plaintiff was excessive, " in that the said verdict was for $3,949.50, which was substantially the amount sued for, less the amount the plaintiff testified he had earned during the interval between the filing of the suit and the date of his discharge; and therefore it was for the gross amount that plaintiff would have earned in such interval without any deductions for expenses, which he testified he would have had to pay out of such gross earnings," and it is contended that this excess in the verdict was due

to the error in the charge on the question of the measure of damages, the charge complained of being as follows: " It is claimed, in the amendment to his petition, that he was entitled to $210 a month for 22 months and for loss of average commissions earned, of $89.87-½, making a total of $6,597.25. As to whether or not these figures are right, in the event you find the defendant is liable, you will determine from the evidence." This charge is alleged to be error for the reason that it authorized the jury to find a verdict for the gross amount that the plaintiff would have earned between the date of his discharge and the date of the filing of his suit, without any deduction of the expenses of the plaintiff in earning his said commissions, and authorized a verdict for a larger amount than his net earnings claimed in the petition and shown by the evidence. We think that the court erred in this instruction. The evidence showed that the plaintiff was not entitled to the net sum of $210 per month as compensation, for it was expressly stipulated that out of this sum his expenses were to be paid, and the plaintiff's evidence clearly shows that the average expenses which he had to pay out of the gross sum of $210 a month amounted to $110 per month. It is not stated fully what these expenses were, but we think that he was only entitled to recover compensatory damages that he suffered by reason of the breach of his contract; in other words, that the proper measure of damages arising from the breach of the contract of employment was actual loss sustained by the breach, and not the gross amount of wages and expenses stipulated from the time of the wrongful discharge to the date of the filing of the suit. Alaska Fish & Lumber Co. *v.* Chase, 128 Fed. 886 (64 C. C. A. 1). What the plaintiff lost by the breach of his contract was that part of the amount which he himself was entitled to receive as compensation for his services. The charge did not make any allowance for expenses, which it was stipulated were to come out of this sum of $210. Nothing was said and nothing was proved as to payment for the board and lodging of the plaintiff while working in the performance of his contract, but the general statement is made that all the expenses in the performance of his contract were paid out of the amount of $210 commissions. We think that the expenses for board and lodging while in the performance of his duties is in the nature of compensation, and whatever this expense was the plaintiff

was entitled to recover. But the other expenses, such as for advertising and traveling, he was not entitled to receive as a loss from the breach of his contract. If these are allowed, it is manifest that he would receive more from the breach of the contract than he received while the contract was being performed. We conclude, therefore, that the verdict was excessive to the extent that it included these expenses as the plaintiff's compensation in addition to the bonus provided for by the contract, and that the measure of damages which the court gave was erroneous because the court did not limit the right of recovery to compensatory damages and did not instruct the jury to reduce the amount of $210 a month by the amount of expenses which it was stipulated should come out of that amount, not including, as above indicated, as actual expenses paid out of that amount, the amount paid for his board and lodging. On the measure of damages we think the court should have instructed the jury that after finding the amount of the verdict to which the plaintiff was entitled, under the evidence, for loss of compensation, resulting from the breach of his contract, and which included also the stipulated bonus that he was entitled to receive, whatever net earnings were made by the plaintiff between the period of his discharge and the date of the filing of the suit should have been deducted from this amount of compensation, in order that the net loss resulting to him might be determined.

Counsel for the defendant in error insist that as no request for instructions was made to the court and no pleadings were filed claiming any deduction, the plaintiff in error has no right to complain of the charge given on this subject. We do not concur in this opinion. It is the duty of the judge to give, without request, instructions as to the legal measure of damages applicable to the pleadings and the evidence, and especially should he be required to charge the correct measure on this subject if he gives any instructions on the subject. *Seaboard Air-Line Ry.* v. *Brewton,* 150 *Ga.* 37 (102 S. E. 439); *Georgia Ry. & El. Co.* v. *Baker,* 1 *Ga. App.* 832 (58 S. E. 88). This is an error that manifestly can be corrected by deducting from the amount of the verdict the amount of expenses included therein; and if this is done at the time the remittitur from this court is made the judgment of the trial court, the judgment is affirmed; otherwise a new trial is granted.

*Judgment affirmed on condition. Jenkins, P. J., and Stephens, J., concur.*