## DIONNE v. ERIE CONCRETE & STEEL SUPPLY CO.

Civ. A. No. 8407.

United States District Court
W. D. Pennsylvania.

May 5, 1951.

———◆———

Hymen Schlesinger, of Pittsburgh, Pa., for plaintiff.

Russell M. Orcutt and Edward M. Murphy, of Erie, Pa., for defendant.

BURNS, District Judge.

The primary basis for the instant motion to dismiss the complaint is the belief of defendant that plaintiff, a sailor in the United States Coast Guard at the time of the injury, is limited to the compensation payments made to him by the government. This argument was rejected by Judge Follmer in ruling upon a prior motion to dismiss in this case. That plaintiff has admitted receiving compensation since Judge Follmer made that decision does not affect plaintiff's position; for Judge Follmer ruled that the payment of government compensation is not a defense to an action against a third-party tort-feasor in the absence of circumstances which would operate as a bar to such an action. Cf. 2 Restatement of Torts, 1934, ed., § 395. "Judges of co-ordinate jurisdiction, sitting in the same court and in the same case, should not overrule the decisions of each other." Commercial Union of America v. Anglo-South American Bank, 2 Cir., 1925, 10 F.2d 937, 941, quoted in Price v. Greenway, 3 Cir., 1948, 167 F.2d 196, at pages 199–200.

The motion of defendant to strike, in effect, finds the complaint as amended to be lacking in particularity. Defendant, however, can file an answer which denies any allegations as to which it requires proof, and then make full use of the pre-trial discovery proceedings permitted by the Federal Rules of Civil Procedure, 28 U.S.C.A.

The motion of plaintiff for default judgment is totally without merit.