UNITED EXHIBITORS, Inc., et al.,

v.

TWENTIETH CENTURY FOX FILM CORPORATION et al.

Civ. A. No. 14.

United States District Court
W. D. Pennsylvania.

Feb. 3, 1956.

**470**

English, Gilson, Baker & Bowler, Erie, Pa., Quinn, Leemhuis, Plate & Dwyer, Erie, Pa., Cleary, Gottlieb, Friendly & Hamilton, New York City, for plaintiffs.

Smith, Buchanan, Ingersoll, Rodewald & Eckert, Pittsburgh, Pa., for defendants Twentieth Century-Fox Film Corp., Loew's Incorporated, RKO Radio Pictures, Inc., Paramount Film Distributing Corp., United Artists Corp., Universal Film Exchanges, Inc., Columbia Pictures Corp., and Republic Pictures Corp. of Pittsburgh.

Gifford, Graham, MacDonald & Illig, Erie, Pa., Harold Berkowitz, New York City, for defendants Warner Bros. Theatres, Inc., Warner Bros. Pictures Distributing Corp.

Nash & Nash, Bradford, Pa., Lawrence R. Condon, Ulysses S. Grant, New York City, for defendant, Erie Amusement Co.

FOLLMER, District Judge.

This matter is presently before the Court on motion of plaintiffs for leave to file an amended and supplemental complaint. The case is of long standing, the original complaint having been filed September 8, 1939. Attached to their motion is an affidavit of John English, of counsel for plaintiffs, wherein, inter alia, he avers as follows:

"8. On February 25, 1947, plaintiffs served and filed a motion for leave to file a supplemental complaint covering the period to 1947. The supplemental complaint alleged continuance of the unlawful contracts, conspiracy and combination to the further damage of plaintiffs. As a result of pretrial conferences held in 1947, the said motion was never brought on for hearing.

"9. In 1947, plaintiffs sent to counsel for defendants, but did not file herein, a proposed amended and supplemental complaint. Following discussions, plaintiffs, in order to expedite trial, determined not to file the amended and supplemental complaint at that time."

The current motion was filed June 20, 1955.

The writer of this Memorandum held pre-trials at Erie, Pennsylvania, on March 10, 1947 and December 9, 1947.

Both conferences were stenographically reported in their entirety. In the conference of December 9, 1947, at pages 4 and 5, there appear statements of Mr. Hamilton, of counsel for plaintiffs, and of Mr. Buchanan, of counsel for defendants. These statements are as follows:

"Mr. Hamilton: Now, the second matter was the question of the amended complaint. Your Honor will recall, after I made a general and summary statement of our position, there was some discussion as to whether it might not be of benefit to file an amended complaint to clarify the issue. We prepared and served on the defendants last April a proposed amended complaint. We had a problem in that connection, Your Honor will recall, because we felt· that we had a right to file a supplemental complaint which would merely bring the damages up to date. The case was filed in 1939. We felt we could do that as a matter of right; we recognized we could not file an amended complaint over objection of defendants without an order from Your Honor. We have submitted an amended complaint, as I say, to the defendants. The seven defendants represented by Mr. Buchanan, which were all of the major companies except Warners, and the defendants represented by Mr. Graham, that is to say, Warners, as we understand, are agreeable to the filing of the amended complaint; that is to say, that they will not object to the filing of the amended complaint, so that that can be filed as soon as we have time to get it in final form.

"We just concluded last night our discussion with counsel for Warner Brothers to get their views on it and I hope within a week or ten days we can get the document formally completed and formal stipulation prepared. Is that a correct statement of your position, Mr. Buchanan?

"Mr. Buchanan: That is a correct statement. I should add to it that the agreement calls for an indication on the face of the amended complaint, which will be a complete complaint in itself, as to what matter has been eliminated and that need not be included in the text so as to make the paper difficult to read, and also as to what has been added, and Mr. Hamilton and I agreed that what was added should be underscored so as to be distinguished from what went before. Your Honor will see there are likely to be questions as to the statute of limitations with regard to the added matter and no question of the statute of limitations is waived, of course."

The transcript of the second conference clearly indicated that there were areas in the plaintiffs' proposed stipulation in which the parties were far from agreement.

In his brief opposing the motion under consideration, Mr. Buchanan states that counsel for plaintiffs had on dates therein specified, including the date of the second pre-trial conference, promised the proposed supplemental complaint very soon, and that finally counsel for plaintiffs advised counsel for defendants that he had decided not to file a supplemental complaint. This is confirmed in paragraph 9 of the English affidavit hereinbefore quoted.

To all intents and purposes, so far as the record indicates, the matter has been dormant since December 9, 1947. Now plaintiffs desire to file an "Amended and Supplemental Complaint." Their motion encompasses a combined amended complaint and a supplemental complaint, it proposes neither one or the other alone, it proposes both.

Plaintiffs did not then, nor for eight years thereafter, move to amend. On the contrary, plaintiffs' counsel subsequent to the pre-trial conference of December 1947 indicated they had decided not to

file the amended and supplemental complaint.

We need cite no authority for the general proposition that under Rule 15(a), 28 U.S.C.A., leave to amend will be given freely when justice so requires; justice, of course, is a two way street.

Assuming that plaintiffs may incorporate in one motion a motion to amend and a motion to supplement, what of the amending portion thereof?

In paragraph 30(a) of the original complaint the defendants are charged with conspiring to refuse to sell to plaintiffs films for exhibition at their theatre on first run in Erie. This allegation is repeated in paragraph 19(a) of the proposed amended complaint, and then in paragraphs 19(b) and 19(c) they add that defendants conspired to refuse to sell them films for exhibition on second and third runs.

■ In Hartmann v. Time, Inc., D.C. E.D.Pa., 64 F.Supp. 671, 680, Judge Kalodner said, inter alia:

"* * * The rule is settled, in Federal and Pennsylvania courts, not inconsistent with Rule 15(c), that an amendment stating a new cause of action on which the statute of limitations has run may not be permitted. * * * The relation back provided for in Rule 15(c) applies, as it is clearly stated therein, only when the asserted claim or defense arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading. * * *"

■ The rule in this district is stated by Judge Gourley in Popovitch v. Kasperlik, D.C.W.D.Pa., 76 F.Supp. 233, 239, as follows:

"The tests to be applied when the question arises whether an amended complaint should be permitted are—would a judgment bar any further action on either, does the same measure of damages support both, is the same defense open in each, and is the same measure of proof required."

Subjected to these tests, it would seem obvious that the proposed amendment does introduce a new cause of action. Paragraph 30(b) of the original complaint alleged a conspiracy between the defendant distributors and the owners of eight locally owned and operated subsequent run theatres. The amended complaint omits these independent owners not only as defendants but also as conspirators, thus completely changing the nature of the conspiracy. In addition thereto, if, as contended by defendants, the conspiracy in the original complaint does not cover second and third run pictures, then a new cause of action is added in the amended complaint, since consideration of damages and matters of defense involving the run to which a theatre of the size, location, furnishings, etc., like plaintiffs' would be entitled, would be different on different runs. If, as contended by plaintiffs, paragraph 30(b) of the original complaint which alleges that the defendant distributors and defendant exhibitors agreed that plaintiffs should receive only last run pictures in Erie sufficiently pleaded second and third run deprivation, then certainly there would be no need for the amendment.

Another phase of the time element involves the impact of the statute of limitations. While ordinarily this is generally considered an affirmative defense, there is substantial authority to the effect that a claim which has been barred by the statute of limitations cannot be introduced by amendment.[1] It will be conceded, I am sure, that the statute of limitations has run against a substantial portion of the claims covered by the proposed supplemental complaint.

---

1. De Luca v. Atlantic Refining Co., 2 Cir., 176 F.2d 421; Pasos v. Pan American Airways, Inc., D.C.S.D.N.Y., 17 Fed. Rules Serv. 15a.34.

In the present posture of the pleadings in this case, the granting of the motion, whether in its composite form or treated as separate motions, rests in the sound discretion of the Court.

The problem involved in a situation of this sort is clearly and succinctly set forth in the Report of the Judicial Conference of the United States on "Procedure In Anti-Trust And Other Protracted Cases", 13 F.R.D. 62, 66, as follows:

> "It is not practical to proceed in these cases as in a lawsuit of ordinary complexity and bulk; that is, to let the parties exhaust the crossfire of pleading, to conduct open-court pre-trial hearings, or to let counsel try the case as they please. The potential range of issues, evidence and argument is so great, and the necessities of adversary representation so compelling, that the activities of counsel will result in records of fantastic size and complexity unless the trial judge exercises rigid control from the time the complaint is filed. * * *"

In Canister Co., Inc., v. National Can Corporation, D.C.Del., 6 F.R.D. 613, 614, Judge Leahy said, inter alia:

> "* * * * The admonition of Rule 15(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to permit amendment freely does not mean amendment in every case regardless of a party's diligence. Friedman v. Transamerica Corporation, D.C.Del., 5 F.R.D. 115. Such diligence is lacking here and there is no showing of excusable oversight."

That, I feel, is the precise situation here.

It is my considered opinion that the proposed amended complaint attempts to set up a new cause of action, that a substantial portion of the proposed supplemental complaint is barred by the statute of limitations and that plaintiffs here have been guilty of gross laches. There has been a complete lack of diligence on their part without any substantial showing of excusable oversight.

In this connection, having in mind the vacillation and laches on the part of the plaintiffs and the vast amount of time and labor that has been expended by the various defendants in discovery proceedings predicated on the existing complaint, I feel that I would not only greatly add to this burden but would be throwing the door wide open for further interminable delay in bringing this matter to a conclusion if I granted the motion.

Plaintiffs' motion for leave to file an amended and supplemental complaint will be denied.