240 F.2d 711
 TCF FILM CORPORATION, Paramount Pictures, Inc., United Artists Corporation, Columbia Pictures Corporation, Loew's Incorporated, Universal Film Exchanges, Inc., Monogram Pictures, Inc., Alexander Theatre Supply, Inc., and RKO Teleradio Pictures, Inc., Petitioners,
v.
The Honorable Wallace S. GOURLEY, Chief Judge of the United District Court for the Western District of Pennsylvania, Respondent and
Warner Bros. Pictures Distributing Corporation, Warner Theatres, Inc., and Erie Amusement Company (Intervenor-Petitioners) United Exhibitors, Inc., and Penn State Theatre (Intervenor-Respondents).
 No. 11937.
 United States Court of Appeals Third Circuit.
 Argued January 9, 1957.
 Decided January 22, 1957.
 
 John G. Buchanan, Pittsburgh, Pa. (John G. Buchanan, Jr., Smith, Buchanan, Ingersoll, Rodewald & Eckert, Pittsburgh, Pa., on the brief), for petitioners.
 Robert C. Barnard, Washington, D. C., for intervening respondents.
 Before BIGGS, Chief Judge, and MARIS, GOODRICH, McLAUGHLIN, KALODNER, STALEY and HASTIE, Circuit Judges.
 MARIS, Circuit Judge.
 
 
 1
 This is a petition for a writ of mandamus and prohibition directed to Chief Judge Wallace S. Gourley of the District Court for the Western District of Pennsylvania requiring him to vacate an order made by him on April 24, 1956 and restraining him from taking any further action or proceedings pursuant to the provisions of that order which was entered in a civil action pending in that court entitled "United Exhibitors Inc., et al. v. Twentieth Century Fox Film Corporation, et al.," No. 14, Erie. The petitioners are defendants in that action and all the other defendants therein have joined in the petition. The plaintiffs in the action have intervened in the present proceeding as respondents.
 
 
 2
 The original complaint in the United Exhibitors action was filed in the District Court for the Western District of Pennsylvania on September 8, 1939 and alleged a conspiracy, in violation of the federal anti-trust laws, to restrain the distribution and exhibition of motion pictures in Erie, Pennsylvania, to the damage of the plaintiffs. On May 3, 1955 the plaintiffs in that action filed a motion for leave to file an amended and supplemental complaint which would eliminate certain parties plaintiff and defendant, exclude the eliminated defendants, who were certain local motion picture exhibitors, from the alleged group of conspirators, and extend the scope of the action to include the period running from 1939 to the date of the motion.
 
 
 3
 Prior to May 31, 1955 Judge Frederick V. Follmer was one of the judges of the District Court for the Western District of Pennsylvania, having been commissioned as a district judge for the Eastern, Middle and Western Districts of Pennsylvania, and the United Exhibitors action had been assigned to him. On May 31, 1955 upon the retirement of Judge Albert L. Watson of the Middle District of Pennsylvania, Judge Follmer, pursuant to the provisions of section 6 of the Act of February 10, 1954, 68 Stat. 14, 28 U.S.C.A. § 133 note, ceased to be a judge of the Eastern and Western Districts of Pennsylvania and became a judge of only one district, the Middle District of Pennsylvania. Shortly thereafter Judge Follmer was specially assigned by the chief judge of the circuit to the Western District of Pennsylvania to hear the United Exhibitors action and on June 10, 1955 he heard argument on the pending motion of the plaintiffs for leave to file an amended and supplemental complaint. On February 3, 1956 he filed an opinion, 18 F.R.D. 469, and entered an order denying the motion. On February 23, 1956 the plaintiffs filed a motion for rehearing and reconsideration of their motion for leave to file an amended and supplemental complaint.
 
 
 4
 On April 13, 1956 the motion for rehearing and reconsideration came on for argument before Chief Judge Gourley. At that hearing counsel for the defendants urged that the established rule of this circuit provides that one judge of a district court may not overrule a prior decision of another judge of the same court in the same case and that Chief Judge Gourley, therefore, did not have power to reverse on rehearing the order which Judge Follmer had previously made in the case. It then was discovered by Chief Judge Gourley that Judge Follmer had been specially assigned to the case by the chief judge of the circuit. Chief Judge Gourley accordingly communicated with the chief judge of the circuit who informed him that for reasons personal to Judge Follmer it would not be possible for the latter to dispose of the motion for rehearing. The chief judge of the circuit accordingly on April 18, 1956 terminated the assignment of Judge Follmer to the Western District of Pennsylvania for the consideration of the United Exhibitors case and informed Chief Judge Gourley that he was at liberty to proceed with it. Thereafter on April 24, 1956 Chief Judge Gourley entered an order in the case vacating and setting aside Judge Follmer's prior order and granting plaintiff's motion to file the amended and supplemental complaint nunc pro tunc as of May 3, 1955. Shortly thereafter the petitioners filed the present petition asking this court to issue a writ of mandamus and prohibition directed to Chief Judge Gourley to cause him to vacate the order entered on April 24, 1956 and to restrain him from any further proceedings thereunder.
 
 
 5
 The petitioners base their claim for relief by way of mandamus and prohibition upon the rule that judges of co-ordinate jurisdiction sitting in the same court and in the same case should not overrule the decisions of each other, a rule which this court followed in Jurgenson v. National Oil & Supply Co., 3 Cir., 1933, 63 F.2d 727, 729, and Price v. Greenway, 3 Cir., 1948, 167 F.2d 196, 199-200, and which has been applied in many other cases in this circuit[1] as well as elsewhere.[2] The respondents on the other hand contend that the rule, which is perhaps best exemplified by the opinion of the Court of Appeals for the Second Circuit in the case of Commercial Union of America v. Anglo-South American Bank, 1925, 10 F.2d 937, has been deprived of its authoritative basis by the recent decision of that court in Dictograph Products Company v. Sonotone Corporation, 1956, 230 F.2d 131.
 
 
 6
 It is true that the Dictograph case indicates that the rule under discussion is not absolute and all-embracing in its scope. There are, as that case illustrates, exceptional circumstances under which courts have held that one judge of a district court may overrule a decision by another judge of his court in the same case. Nonetheless we think that the rule is a most salutary one. We adhere to it and hold that except under the most extraordinary circumstances it should be followed by the district judges of this circuit. The reasons for the rule have been reiterated in the many cases in which it has been applied and need not be repeated here in detail. It is sufficient to say that we regard it as a necessary rule of judicial comity to preserve the orderly functioning of the judicial process.
 
 
 7
 As we have said, there may be exceptional circumstances under which the rule is not to be applied. Such circumstances exist when the judge who made the original decision is not available to consider the application to rehear and reverse his decision. If the judge who made the decision dies[3] or resigns from the court he obviously is no longer available to reconsider it and such reconsideration must perforce be by another judge if it is to be had at all. Likewise if the decision has been made by a judge temporarily assigned to the court for the hearing of a specified case and his assignment is terminated he is no longer available to entertain an application for rehearing and it must accordingly be considered by another judge. That was the situation in the present case. Judge Follmer's power to act as a permanent judge of the District Court for the Western District of Pennsylvania ended on May 31, 1955 and his power to act temporarily as judge assigned to the court for purposes of this case ended on April 18, 1956. We conclude that it was entirely within the competence of Chief Judge Gourley after April 18, 1956 to decide the motion for rehearing and reconsideration as he did. Whether his decision upon that motion was within his discretionary power or amounted to an abuse of it is not now before us and we intimate no opinion upon that subject. It is a matter which may be considered upon appeal after a final judgment has been rendered in the case.[4] However this may be we are clear that Chief Judge Gourley had the power to hear and decide the motion and that accordingly the issuance of a writ of mandamus and prohibition would be wholly unwarranted.[5]
 
 
 8
 In conclusion we think it useful to point out that the rule here under consideration likewise does not apply to rehearing by the full court of a decision by a single judge of the court. Every district court has the power to review in banc a decision rendered by one of its individual members and upon such reconsideration by the full bench to overrule the prior decision of the single judge. Such power is necessary in order to enable a court to preserve its integrity of decision by itself eliminating conflicting rulings by its own members without having to wait for the resolution of such conflicts through the appellate process.[6]
 
 
 9
 The petition for a writ of mandamus and prohibition will be denied.
 
 
 
 Notes:
 
 
 [1]
 Wright v. Barnard, D.C.Del.1919, 264 F. 582, 584; United States v. Parker, D.C.N.J.1938, 23 F.Supp. 880, 889; Etten v. Lovell Mfg. Co., D.C.W.D.Pa.1949, 83 F.Supp. 178, 187; McArthur v. Rosenbaum Co. of Pittsburgh, D.C.W.D.Pa. 1949, 85 F.Supp. 5, 6; Dionne v. Erie Concrete & Steel Supply Co., D.C.W.D. Pa.1951, 97 F.Supp. 441; United States v. Firman, D.C.W.D.Pa.1951, 98 F.Supp. 944, 946; Dow v. Carnegie-Illinois Steel Corp., D.C.W.D.Pa.1952, 108 F.Supp. 88, 89; United States v. Ginn, D.C.E.D. Pa.1954, 124 F.Supp. 658, 660; United States v. Skurla, D.C.W.D.Pa.1954, 126 F.Supp. 713, 716; Fried for Use of Berger Supply Co. v. Feola, D.C.W.D. Pa.1954, 129 F.Supp. 699, 701
 
 
 [2]
 Appleton v. Smith, C.C.Ark.1870, 1 Fed. Cas. page 1075, No. 498; Cole Silver Min. Co. v. Virginia & Gold Hill Water Co., C.C.Nev.1871, 6 Fed.Cas. pages 72, 74 No. 2,990; Reynolds v. Iron Silver Min. Co., C.C.Colo. 1888, 33 F. 354, 355; Shreve v. Cheesman, 8 Cir., 1895, 69 F. 785, 791; Commercial Union of America v. Anglo-South American Bank, 2 Cir., 1925, 10 F.2d 937; Hardy v. North Butte Mining Co., 9 Cir., 1927, 22 F.2d 62; Humphrey v. Bankers Mortg. Co. of Topeka, Kan., 10 Cir., 1935, 79 F.2d 345, 352; National Ben. Life Ins. Co. v. Shaw-Walker Co., 1940, 71 App.D.C. 276, 111 F.2d 497, 508; Donnelly Garment Co. v. National Labor Relations Bd., 8 Cir., 1942, 123 F.2d 215, 220; In re Joslyn's Estate, 7 Cir., 1948, 171 F.2d 159, 164; The Material Service, D.C. Ill.1934, 11 F.Supp. 1006, 1007; United States v. Thomas Steel Corporation, D. C.Ohio 1952, 107 F.Supp. 418, 423. See also annotation 132 A.L.R. 14; 33 C.J., Judges, § 99; 21 C.J.S., Courts, § 501
 
 
 [3]
 See Magee v. General Motors Corp., 3 Cir., 1954, 213 F.2d 899
 
 
 [4]
 See, for example, Sutherland Paper Co. v. Grant Paper Box Co., 3 Cir., 1950, 183 F.2d 926, 931, certiorari denied 340 U.S. 906, 71 S.Ct. 281, 95 L.Ed. 655, reversing Sutherland Paper Co. v. Grant Paper Box Co., D.C.W.D.Pa.1949, 9 F.R.D. 422
 
 
 [5]
 We accordingly need not consider the question whether mandamus and prohibition would lie to correct a departure from the rule under discussion in a case to which it properly applied. But see Gulf Research & Development Co. v. Leahy, 3 Cir., 1951, 193 F.2d 302, affirmed by an equally divided court, 344 U.S. 861, 73 S.Ct. 102, 97 L.Ed. 668, and compare La Buy v. Howes Leather Co., 1957, 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290
 
 
 [6]
 For illustrations of the useful exercise of this power see In re Stein, D.C.E.D. Pa.1936, 17 F.Supp. 587; United States v. Warden of Philadelphia County Prison, D.C.E.D.Pa.1949, 87 F.Supp. 339; United States ex rel. Smith v. Baldi, D.C.E.D.Pa.1951, 96 F.Supp. 100. And for a discussion of the employment of this power by this court to preserve uniformity in its decisions see Maris, Hearing and Rehearing Cases in Banc, 1953, 14 F.R.D. 91