Formal Order to follow to be prepared by counsel for the Trustee.

**UNITED STATES of America,
Plaintiff,**

v.

**CITIZENS NATIONAL TRUST AND SAVINGS BANK OF LOS ANGELES, a National Banking Association, Defendant.**

**No. 54/58.**

United States District Court
S. D. California,
Central Division.

Sept. 17, 1958.

Laughlin E. Waters, U. S. Atty., Richard A. Lavine, Asst. U. S. Atty., Chief,. Civil Division, Alfred B. Doutre, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

Henry Merton, Los Angeles, Cal., for defendant.

WESTOVER, District Judge.

This is an action arising out of an express warranty indorsement by defendant herein upon a promissory note.

On February 21, 1956 the United States of America commenced an action in the United States District Court for the Southern District of California against George D. Bashore, et al., No. 19,527–WM, to recover upon an installment promissory note which it alleged the defendant had executed and delivered to Durastone Company, as principal. Execution and delivery of the promissory note were under the terms of Title I of the National Housing Act, 12 U.S.C.A. § 1702 et seq., under which Act the Federal Housing Administrator, acting for and on behalf of the United States of America, insured payment of said promissory note.

Durastone Company, payee of the note, negotiated it to the defendant in this action, Citizens National Trust & Savings Bank of Los Angeles, which then became the holder thereof. The maker, George D. Bashore, paid eighteen monthly installments on the note and then, on the 1st day of November, 1953, refused to make any other or further payments, contending the note was not valid and enforceable as it had been obtained from

him by fraud on the part of the payee. When the maker refused further payments, the bank as holder of the note, acting under the terms of the Federal Housing Act, made demand for reimbursement from the Federal Housing Administrator; and the Federal Housing Administrator, for and on behalf of the United States of America, paid to the bank the sum of $793.84, whereupon the bank indorsed the note as follows:

"All right, title and interest of the undersigned is hereby assigned without warranty, except that the note qualifies for insurance, to the United States of America."

After indorsement the note was transferred to plaintiff which became the holder thereof.

Subsequent thereto, action No. 19,-527–WM, supra, was filed in the United States District Court for the Southern District of California against defendant Bashore, maker of the note. Defendant Bashore appeared and answered the complaint, alleging the note was void and unenforceable as to him on the ground that it had been obtained by fraud. Trial was duly had. Findings of fact, conclusions of law and judgment were filed by the Court. The Court found that the payee had obtained the note by fraud and, consequently, the note was void and unenforceable as to the defendant, George D. Bashore. Judgment was duly entered. Time for appeal has expired, and the judgment is now final.

Subsequent to judgment in Case No. 19,527–WM, plaintiff filed the action at bar to recover from the bank the sum of $793.84 paid at the time of the indorsement and transfer of the note, together with interest at the rate of 6% per annum from the date of said payment.

Defendant bank duly appeared and answered the amended complaint filed in the action and subsequently entered into a stipulation of facts. Defendant bank contends the indorsement on the note was without recourse.

It is the government's contention, however, that defendant bank is liable upon its indorsement as, by the indorsement, defendant bank had warranted that the note qualified for insurance.

If the note qualified for insurance, there is no liability upon the bank. If, however, it did not qualify for insurance, the defendant bank is liable upon its express warranty.

To qualify for insurance the regulations contain the following provision:

"1. Validity. The note shall bear the genuine signature of the borrower as maker, shall be valid and enforceable against the borrower * * *, and shall be complete and regular on its face. * * "

There is no dispute between the parties in the action at bar that the note bore the genuine signature of the borrower as maker, and it is also agreed that the note was complete and regular on its face. The dispute between the parties arises out of the meaning of the term "shall be valid and enforceable against the borrower."

The United States District Court for this district, having jurisdiction of the parties and the issues, rendered a judgment finding the note void and unenforceable against the borrower. (United States v. Bashore, No. 19,527–WM.) Defendant, however, contends it is not bound by such finding as it was not a party to the proceeding. If the government is to prevail in this action, it must recover upon the express warranty of the bank's indorsement—a warranty that the note qualified for insurance; that is, that it was valid and enforceable against the borrower.

The warranty of the bank was not that the note could be collected; its warranty was that the note was valid and enforceable against the borrower. A Judge of this court has heretofore held the note was not valid and enforceable against the borrower. We do not believe we can go behind such a finding. It would be untenable for a judge of the court in

one proceeding to hold the note void and unenforceable and for another judge of the same court to hold it valid and enforceable.

"* * * when an issue is once litigated and decided, that should be the end of the matter. * * *" United States v. U. S. Smelting Co., 339 U.S. 186, at page 198, 70 S.Ct. 537, at page 544, 94 L.Ed. 750.

In the case of Rojas-Gutierrez v. Hoy, D.C., 161 F.Supp. 448, 451, Judge Mathes wrote as follows:

"The Court of Appeals of this Circuit has quoted with approval the proposition stated in Shreve v. Cheesman, 8 Cir., 1895, 69 F. 785, 791, certiorari denied 1896, 163 U. S. 704, 16 S.Ct. 1206, 41 L.Ed. 320, that the 'various judges who sit in the same court should not attempt to overrule the decisions of each other * * * except for the most cogent reasons.' [Citations.]

"For judges of co-ordinate jurisdiction to presume to overrule one another usually adds only unseemly conflict and confusion where certainty and predictability are most to be desired. The 'overruling' decision settles nothing, and more often than not serves only to compound uncertainty as to the correct rule to be followed. The reasons so well put by Judge Sanborn more than a half-century ago in Shreve v. Cheesman, supra, a fortiori apply today. [Citations.]

"Unless a judge can say that he thinks a decision of a colleague is on the face of it patently erroneous, he should follow it. Especially is this true of decisions in the same case, and of decisions in different cases involving rules of practice and procedure or rules of property or, as here, the status of persons. Cf.:

Dictograph Products Co. v. Sonotone Corp., 2 Cir., 1956, 230 F.2d 131; T. C. F. Film Corp. v. Gourley, supra, 3 Cir., 240 F.2d 711.

"In the days when Justices of the Supreme Court 'rode the circuit' and presided in the trial courts, Mr. Justice Field, sitting as a Circuit Justice in the then Circuit Court of the District of Nevada, upon being importuned to dissolve an injunction which had been issued by the circuit judge, wrote: 'I could not with propriety reconsider his decision, even if I differed from him in opinion. The circuit judge possesses * * * equal authority with myself in the circuit, and it would lead to unseemly conflicts, if the rulings of one judge, upon a question of law, should be disregarded, or be open to review by the other judge in the same case.' Cole Silver Min. Co. v. Virginia & Gold Hill Water Co., C.C.D.Nev.1871, 6 Fed. Cas. pages 72, 74, No. 2,990."

In the case at bar the bank expressly warranted the note to be valid and enforceable. The warranty would be good regardless of the knowledge possessed by the bank. The bank when it made its warranty may have been of the opinion the note was valid, but the warranty goes beyond actual knowledge of the bank. The warranty was that the note was valid. As a Judge of this court has heretofore held the note was invalid and unenforceable against the maker, we believe we are bound by the findings of our brother judge. And the bank is bound by its warranty.

Plaintiff is instructed to prepare findings of fact, conclusions of law and judgment in conformity with this memorandum of opinion and according to the rules, for presentation for signature on or before the 30th day of September, 1958.