**UNITED STATES of America**

v.

**Sidney LEFKOWITZ.**

**Crim. No. 19327.**

United States District Court
E. D. Pennsylvania.

March 31, 1959.

Harold K. Wood, U. S. Atty., Philadelphia, Pa., for plaintiff.

Robert C. Duffy, Philadelphia, Pa., for defendant.

GANEY, Chief Judge.

On August 15, 1957, the defendant was indicted on five counts for willfully attempting to evade the payment of income taxes owed by him and his wife to the United States in violation of § 145(b) of the Internal Revenue Code of 1939. 26 U.S.C.A. § 145(b). Each of the counts covered one of the years included in the period 1949 through 1953. For the years 1949 and 1950, the charged attempted evasion is based on defendant's filing of false income tax returns. For the years 1951, 1952 and 1953 it is grounded upon defendant's failure to file required income tax returns coupled with action on his part the purpose of which was to conceal his true gross income from agents of the Government. Defendant admitted his liability for the amounts claimed to be due in counts 3, 4 and 5 of the indictment by filing returns for the years 1951, 1952 and 1953 ten days before trial, at which the jury found him guilty on all five counts. The matter is now before us on his motion for judgment of acquittal and in the alternative for a new trial.

The first ground given for judgment of acquittal as to counts 1 and 2 is that the six-year statute of limitations bars prose-

cution for the years 1949 and 1950, because the running of that statute was not tolled by defendant's absence from this district. On March 3, 1958, Judge Lord denied defendant's motion to dismiss counts 1 and 2 based on the same ground. In United States v. Wheeler, 3 Cir., 1958, 256 F.2d 745, at page 746 our Court of Appeals stated:

> "In TCF Film Corp. v. Gourley, 3 Cir., 1957, 240 F.2d 711, 713, this court sitting en banc and speaking through Judge Maris reaffirmed for this circuit the rule ' * * * that judges of co-ordinate jurisdiction sitting in the same court and in the same case should not overrule the decisions of each other.' The rule might be more fundamentally stated that judges should not, if possible, place themselves in a position whereby in rendering impartial judgment on a question they might be required to overrule the decision of a judge of the same court in the same case. Cf. Price v. Greenway, 3 Cir., 1948, 167 F.2d 196."

Consequently, as far as we are concerned, Judge Lord's ruling disposes of defendant's position as to counts 1 and 2 of the indictment.

■ The ground given for judgment of acquittal under counts 3, 4 and 5 is that prosecution thereunder is barred by the three-year provision of the statute of limitations because the evidence did not establish an offense under § 145(b) of the Code but showed nothing more than a willful failure on defendant's part to file required income tax returns in violation of § 145(a) of the Code. The statute of limitations governing prosecution under § 145(b) is six years from the commission of the offense. See Title 26, U.S. C.A. § 3748(a). Counts 3, 4 and 5 are within this period, for the earliest dates that the statute of limitations could have begun to run with respect to the crimes charged in these three counts are March 16, 1952, March 16, 1953 and March 16, 1954, respectively, the days following the deadlines for the filing of returns on income received in the corresponding previous year. The indictment was found on August 15, 1957, less than six years from the earliest date that the defendant was required to file returns, but more than three years from his latest deadline for filing a return. The statute limiting prosecution under § 145(a) is but three years. Id.

■ The leading case of United States v. Spies, 1943, 317 U.S. 492, 63 S.Ct. 364, 86 L.Ed. 418, tells us that proof of a willful failure, even though it be a passive one, to file a return when required coupled with conduct from which an affirmative willful attempt to evade income tax may be inferred establishes a violation of § 145(b). From the evidence presented at the trial we think the jury could have inferred a willful and positive attempt to evade on defendant's part from a finding that he did not file his returns for 1951, 1952 and 1953 sooner than he did because he was playing a waiting game in order to find out what the Internal Revenue agents knew concerning the amount of his gross income, and then report that amount in his returns. As a matter of fact, ten days before trial defendant did file returns for the three years in question and reported in those returns gross income equal to the amounts claimed in the indictment. At the trial the evidence showed and defendant admitted that his gross income, and consequently his tax liability, for the three years was greater than that set forth in counts 3, 4 and 5 of the indictment.

■ Defendant maintained and kept in his possession a complete detailed account or journal showing his various sources of income and all his financial transactions. Hence for the years involved he knew almost to the penny what his gross income was. During the years 1947, 1948 and 1949 defendant lived in Philadelphia, Pennsylvania. Apparently because of his health he moved to Atlantic City, New Jersey, and subsequently to Miami, Florida. However, even though he no longer lived in Philadelphia, he continued to authorize his accountant who lived here to prepare his and his

wife's joint income tax returns, and used the accountant's home address as his address for filing his return. Despite the existence of the journal, the information he transmitted to his accountant by mail or telephone contained only a part of defendant's gross income. The accountant saw the journal for the first time sometime in June or July of 1954. He turned it over to the Internal Revenue agents in August of the same year. After photostating it, the agents returned the journal to the accountant, who in turn returned it to defendant. The agents did not see the journal again until the defendant, without giving any explanation for the delay, handed it over to them in Miami, Florida, in December of 1956, over four years after he had been requested by the Department of Revenue to discuss his income tax returns for the years 1949 and 1950. His action in attempting to mislead the Internal Revenue agents concerning the true amount of his gross income by referring them to his accountant in Philadelphia while he was maintaining an exact account of that income was tantamount to his keeping a double set of books or making false invoices or documents. The latter practices are given in the Spies case, supra, 317 U.S. at page 499, 63 S.Ct. at page 368, as illustrations of conduct from which the jury may infer an affirmative willful attempt to evade.

Defendant's final reason for his motion is that the testimony of defendant's accountant, called as a witness by the prosecution, was not worthy of belief and therefore the jury should not have been permitted to place any reliance upon it. The accountant was far from being an ideal witness. But in calling witnesses who are in a position to know the pertinent facts in the case, the prosecution is not always in a position to choose. It must take them as they are even though they cannot be depended upon to answer truthfully every question put to them. Despite the inconsistencies in some of the accountant's answers, we cannot say such inconsistencies so tainted the remainder of his testimony that it should have been withdrawn from the jury's consideration as being beyond belief.

Accordingly, defendant's motion for judgment of acquittal on all counts of the indictment and in the alternative for a new trial will be denied.