**In the Matter of Robert A. FARRIS, formerly doing business as Federated Buyers and Automotive Sales, Bankrupt.**

**No. 61085.**

United States District Court
N. D. California, S. D.
April 23, 1963.

Albert E. Polonsky, San Francisco, Cal., for the bankrupt.

Bernard Abrott, Oakland, Cal., Referee.

SWEIGERT, District Judge.

Trustee in bankruptcy petitions for review of a referee's order denying the Trustee's claim to proceeds from the settlement of a personal injury suit filed by bankrupt four days prior to filing the petition in bankruptcy.

The Bankruptcy Act, Sec. 70, sub. a(5) [11 U.S.C. § 110, sub. a(5)] provides that rights of action for injuries to the bankrupt, whether or not resulting in death, vest in the trustee if by the law of the state such rights of action are subject to attachment, execution, garnishment, sequestration or other judicial process.

The Bankruptcy Act, Sec. 70, sub. c [11 U.S.C. § 110, sub. c], also provides that the trustee, as to all property, whether or not coming into possession or control of the Court, upon which a creditor could have obtained a lien by legal or equitable proceedings at the date of the bankruptcy, shall be deemed vested as of such date with all the rights, remedies and powers of a creditor then holding a lien thereon by such proceedings, whether or not such creditor actually exists.

California Code of Civil Procedure, § 688.1 provides:

"Upon motion of a judgment creditor of a plaintiff or plaintiffs in an

action or special proceeding made in the court in which the action or [special] proceeding is pending upon written notice to all parties, the court or judge thereof may, in his discretion, order that the judgment creditor be granted a lien upon the cause of action and upon any judgment subsequently procured in such action or proceeding, and, during the pendency of such action, may permit said judgment creditor to intervene therein. Such judgment creditor shall have a lien to the extent of his judgment upon all moneys recovered by his judgment debtor in such action or proceeding * * *."

By providing a method by which a Court, in its discretion, may grant a judgment creditor a lien upon a plaintiff's cause of action for personal injury or death, California law has made such rights of action subject to attachment, execution, garnishment, sequestration, or other judicial process within the meaning of the Bankruptcy Act, Sec. 70, sub. a(5) [11 U.S.C. § 110, sub. a(5)].

Further, since under California law a judgment creditor "could" have obtained a lien on such cause of action by the legal or equitable proceeding so provided, then all the rights, remedies and powers of such a creditor holding a lien thereon by such proceedings, *whether actually existing or not*, vest in the trustee as of the date of bankruptcy, as provided by Bankruptcy Act, Sec. 70, sub. c [11 U.S.C. § 110, sub. c].

That the California Code of Civil Procedure Sec. 688.1 is limited to judgment creditors and that the granting of the lien is within the Court's discretion does not preclude application of these two broad provisions of the Bankruptcy Act.

Certainly, a judgment creditor is a creditor under the California statute. Since such a creditor "could", if a Court so ordered, obtain a lien on the cause of action, the cause of action is "subject" to judicial process within the meaning of Bankruptcy Act, Sec. 70, sub. a(5).

Further, since such a creditor "could" have obtained a lien on the cause of action under the California Code of Civil Procedure Sec. 688.1 proceeding, considered either as a legal or equitable proceeding, then, under the Bankruptcy Act, Sec. 70, sub. c, the rights, remedies and powers of a creditor holding such a lien thereon under such proceeding, vest in the trustee even though no creditor existed who actually held such a lien.

Thus, under Sec. 70, sub. a(5) of the Bankruptcy Act, the trustee became vested with the cause of action itself and, further, under Sec. 70, sub. c the trustee became vested with all the rights, remedies and powers of a creditor who might have held, although none actually held, a lien under California Code of Civil Procedure Sec. 688.1 on the cause of action.

The Court notes that in the Matter of Alfred Edward Carreia, No. 60141, decided in this division on May 12, 1961, the Court affirmed the Referee's order authorizing the trustee to continue for the benefit of the estate of bankrupt the bankrupt's personal injury suit which was pending at the time of bankruptcy.

The Court is of the opinion that the foregoing provisions of the Bankruptcy Act, broadly and designedly drawn, are applicable to the cause of action in question and that the trustee is entitled to the proceeds thereof.

The order of the referee is reversed.