**In the Matter of Bernard Duran CAR-MONA, Bankrupt.**

**No. 140965.**

United States District Court
S. D. California,
Central Division.

Dec. 23, 1963.

Hillel Chodos, Beverly Hills, Cal., and Margolis & McTernan, Los Angeles, Cal., for bankrupt (petitioner).

Bernfeld & Cohen, Los Angeles, Cal., for trustee (respondent).

BYRNE, District Judge.

On July 7, 1961, Bernard Duran Carmona, hereinafter referred to as Bankrupt, was injured while engaged in stevedoring operations on a certain ship owned by Matson Navigation Company, Inc.

In order to recover for his injuries he engaged the services of George E. Shibley and the law firm of Margolis & McTernan, and executed a retainer agreement. The agreement provided that counsel was to receive 30% of the net recovery if settled before preparation for trial and 37½% of the net recovery if settled after preparation. Pursuant to this agreement Bankrupt's counsel filed a complaint in the Superior Court of the State of California in and for the County of Los Angeles (No. 782730)

wherein it was alleged that Bankrupt sustained personal injuries due to the negligence of the Matson Navigation Company.

Then on May 16, 1962, Bankrupt filed his voluntary petition in bankruptcy, and was on that date adjudicated a bankrupt.

The Trustee in bankruptcy asserted below (and now claims) that the cause of action referred to above has vested in him, and asked the court to issue an order to that effect.

On August 15, 1963, the Referee filed a "Memorandum of Opinion. * * *" "holding that the cause of action did, in fact, vest in the Trustee by reason of California Code of Civil Procedure (CCP) § 688.1 together with § 70, sub. a(5) and § 70, sub. c of the Bankruptcy Act [11 U.S.C. § 110, subs. a(5) and c]; and on September 12, 1963, Findings of Fact and Conclusions of Law issued in accordance with that memorandum. On that same day the Referee ordered that the cause of action was vested in the Trustee as of the date of filing of the voluntary petition in bankruptcy, and that it is an asset of the bankrupt estate free and clear of any claim of the Bankrupt or of Shibley and Margolis & McTernan.

This Court is now asked to review the decision of the Referee regarding title to the cause of action. The Bankrupt contends that: personal injury actions are not included within the provisions of CCP § 688.1; even if they are the procedure set up in CCP § 688.1 is not "other judicial process" within the meaning of § 70, sub. a(5) of the Bankruptcy Act, so this provision cannot vest the cause of action in the Trustee; and § 70, sub. c of the Bankruptcy Act is not effectual to give the Trustee rights in property which is not vested in him under the terms of the other sections of § 70 and thus this section cannot help him.

At the outset one finds that all of the issues now presented to this Court have already been decided adversely to the Bankrupt in three Federal District Court cases which arose within the State of California. In re Farris, 217 F.Supp. 598 (N.D.Cal.1963); In re Alma A. Kratoska, No. 116225–MC (S.D.Cal. C.D. Oct. 4, 1962); and In re Alfred Edward Carreia, No. 60141 (N.D.Cal. S.D. May 12, 1961). These cases were, of course, decided in courts with a jurisdiction as extensive as that of this Court, and it should be especially noted that one of these cases was decided by Judge Crocker of this district.

Therefore, the salutary principle that the course of the law should run smoothly and that judges should not, without good cause, induce confusion by reason of conflicting holdings is very pertinent to this case. This principle finds expression in the well known doctrine of stare decisis. It is also expressed in the many cases which hold that "judges of co-ordinate jurisdiction sitting in the same court and in the same case should not overrule the decisions of each other," except in the most unusual circumstances. TCF Film Corp. v. Gourley, 240 F.2d 711 (3d Cir. 1957). See, United States v. Wheeler, 256 F.2d 745 (3d Cir.), cert. denied, 358 U.S. 873, 79 S.Ct. 111, 3 L.Ed.2d 103, rehearing denied, 358 U.S. 913, 79 S.Ct. 229, 3 L. Ed.2d 234 (1958), and Carnegie Nat. Bank v. City of Wolf Point, 110 F.2d 569 (9th Cir. 1940). A further expression of this concept is found in the rule that where a judge has decided the effect of a particular document or transaction, a judge of co-ordinate jurisdiction should not, even in an entirely separate case, decide that the same document is of a different effect. See e. g. United States v. Citizens National Trust and Savings Bank, 166 F.Supp. 410 (S.D.Cal.1958), affirmed, 270 F.2d 128 (9th Cir. 1959).

Finally, this important principle has given rise to another rule, which is directly applicable to the case at hand. That is the rule that where a judge has decided a question of law in one manner a judge of co-ordinate jurisdiction should not normally undertake to decide it another way. This rule, based upon ju-

dicial comity as well as good judicial administration, is of great universality. See e. g., In re Naturalization of Alacar, 196 F.Supp. 564 (D.Hawaii 1961); Rojas-Gutierrez v. Hoy, 161 F.Supp. 448 (S.D.Cal.1958), affirmed, 267 F.2d 490 (9th Cir. 1959); Brusselback v. Cago Corp., 24 F.Supp. 524 (S.D.N.Y.1938); and the multitude of federal and state court cases cited in 21 C.J.S. Courts § 196, note 94. This rule is well stated and explained by Judge Mathes in Rojas-Gutierrez, supra. In an earlier case Judge Westover of the same district and division had decided that marihuana was not a "narcotic drug" within the meaning of a certain statute. When the same question presented itself to Judge Mathes in this unrelated case, he said, 161 F. Supp. at pages 450–451:

> "For judges of co-ordinate jurisdiction to presume to overrule one another usually adds only unseemly conflict and confusion where certainty and predictability are most to be desired. The 'overruling' decision settles nothing, and more often than not serves only to compound uncertainty as to the correct rule to be followed. * * *
>
> "Unless a judge can say that he thinks a decision of a colleague is on the face of it patently erroneous, he should follow it. * * *
>
> "Since I cannot say that on the face of it Judge Westover's conclusion on the question of law now presented appears to me to be patently erroneous, I follow it without further study. Anyone who wishes to challenge that ruling should do so in the Court of Appeals, which was established to correct errors of the Judges of this Court."

This rule applies with even more force to the case now before this Court. Here, not only has Judge Crocker of this district decided all of the questions now presented in a manner adverse to the contentions of the Bankrupt, but the same result has been reached independently by the District Court in the Northern District of this state.

 Upon examining the opinion of Judge Crocker in In re Alma A. Kratoska, supra, and the case of In re Farris, 217 F.Supp. 598 (N.D.Cal.1963) I cannot say that they are patently erroneous, and without delving deeper into the matter, this Court should follow them. It should be emphasized that this should not be taken as an indication that these cases were or were not correctly decided, but only as a statement that comity and the requirements of good judicial administration require this Court to follow them without extensively re-examining the questions involved.

The decision of the Referee is affirmed, and counsel for the Trustee is directed to prepare, serve and lodge an order pursuant to Rule 7 of the Rules of this Court.